521 So.2d 1118 (1988)
THE FLORIDA BAR, Complainant,
v.
Theodore W. HERZOG, Respondent.
No. 68750.
Supreme Court of Florida.
March 17, 1988.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel, Orlando, for complainant.
Sherman N. Smith, III, Vero Beach, for respondent.
PER CURIAM.
This bar disciplinary proceeding is before us on the complaint of The Florida Bar and the report of the referee. We have jurisdiction under article V, section 15, Florida Constitution, and consider this case pursuant to Rule 3-7.6 of the Rules Regulating the Florida Bar. The referee found respondent guilty of professional misconduct and *1119 recommended a private reprimand. We conclude that the appropriate discipline in this case is a ten-day suspension, but otherwise approve the referee's report.
This grievance arises out of disagreements between respondent and Moss, Henderson, & Lloyd (MH & L), the professional association to which he belonged as shareholder for approximately one year beginning in October 1983. No client has complained nor did any client testify at the hearing below. The complaint alleges that respondent: 1) deliberately, knowingly and improperly kept a $150.00 per month retainer during the year he was at MH & L; 2) took with him on business trips a nonlawyer employee who performed no work for clients and whose air fare was intentionally charged to clients; 3) engaged in deceptive billing practices that deprived the firm of an unknown amount of fees estimated to be in excess of $60,000 including costs of over $20,000; and 4) improperly paid to an English stockbroker approximately $14,000 or improperly utilized such funds himself.
The referee found respondent guilty only of the charge of deceptive billing practices but could not determine whether this had deprived MH & L of any attorney's fees or costs:
MH & L utilized a detailed computer billing which could print out an itemized breakdown of hours spent by attorneys and costs incurred in connection with each client account. However, Respondent ordinarily utilized a one-page statement for describing his services rendered in which he described only the total hours and costs. The evidence indicates that Respondent routinely adjusted his bills to lower the amount of costs presented to clients, Harrigan and Sorensen. Respondent testified that he believed that, if presented with a large amount of costs, neither client would authorize or approve the expenditures. Accordingly, he would adjust these bills to lower the face amount of the costs and increase the amount of hours, although Respondent asserts that he never increased the hours to more than the number that he had spent on a particular matter. The result was that the total charge to the client was generally reasonable, but the breakdown or subtotals for attorney's fees and costs was incorrect.
... .
I find Respondent's billing practice to be improper and I recommend that Respondent be privately reprimanded for his misconduct. I do find his practice was deceptive in that it misrepresented to the clients what they were actually paying for. Also, it appears that there was no clearly enunciated policy at MH & L with respect to reducing or writing down attorney's fees or client costs and that management of those matters was somewhat lax. While I note that Respondent has paid MH & L at least $10,000 since his departure, there apparently has not been any formal action instituted by the firm regarding these financial matters. Since MH & L has made no attempt to collect any fees and costs which may be owed the firm by clients who had been represented by Respondent when he was with MH & L, it cannot be ascertained from the testimony whether or not Respondent's billing practices have in fact deprived MH & L of any attorney's fees and costs.
The referee recommended that respondent be found guilty of violating Rule 11.02(3)(a) of the Integration Rule of the Florida Bar and Disciplinary Rules 1-102(A)(4) and 1-102(A)(6) of the Florida Bar's Code of Professional Responsibility. In recommending a private reprimand, the referee took into consideration that respondent had not previously been the subject of any bar disciplinary measures.
The Bar agrees with the findings regarding the deceptive billing practices but argues that the referee drew erroneous and unjustified conclusions as to counts one and four and asks for a one-year suspension.
We uphold the referee's factual findings and his conclusions on counts one and four. The referee found the facts insufficient to support a finding of guilt as to any of the alleged instances of misconduct with the exception of the billing practices. Although there was conflicting testimony concerning each of the disputed issues, *1120 "[t]he referee, as our fact finder, properly resolves conflicts in the evidence." The Florida Bar v. Hoffer, 383 So.2d 639, 642 (Fla. 1980). The referee heard all of the witnesses, judged their demeanor and credibility, and reviewed all of the evidence. Findings of fact will be upheld unless they are without support in the record or clearly erroneous. The Florida Bar v. Stalnaker, 485 So.2d 815 (Fla. 1986). We have reviewed the record and are satisfied that the referee's findings and conclusions are supported by clear and convincing evidence.
However, we find respondent's deceptive billing practices warrant a harsher penalty than the private reprimand recommended by the referee. The referee found that respondent "adjusted" his bills to Harrigan and Sorensen so that these clients would not be privy to the exorbitant costs incurred relative to fees. Once a bill was paid, respondent "readjusted" it so that the advanced costs would be covered. Respondent admitted that he did this and did so because he did not think the clients would authorize the expenditures.
The falsification in any manner of bills to clients is unethical and reprehensible. Billing practices, like every other aspect of client dealing, should be conducted in a scrupulously honest manner.
We conclude therefore that suspension is appropriate. In view of the fact that respondent has no history of prior disciplinary actions, we believe the appropriate measure of discipline is a ten-day suspension. This suspension will be effective thirty days from the date of this opinion so that respondent can make arrangements to protect his clients' interests. Judgement for costs in the amount of $2,350.72 is entered against respondent, for which sum let execution issue.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.