582 So.2d 1177 (1991)
THE FLORIDA BAR, Complainant,
v.
David H. THOMAS, Respondent.
No. 75683.
Supreme Court of Florida.
June 13, 1991.
Rehearing Denied August 13, 1991.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Thomas E. DeBerg, Asst. Staff Counsel, Tampa, for Complainant.
David H. Thomas, in pro. per.
PER CURIAM.
This matter is before us upon the referee's report recommending that respondent David H. Thomas receive a private reprimand from the Board of Governors and be placed on probation for a period of one year with conditions that he take and *1178 pass the multistate test for Professional Responsibility, and attend and complete twenty hours of Continuing Legal Education credits in the area of Civil Procedure. We have jurisdiction.[*]
The gravamen of the charges against respondent is that he abused the legal system by filing a frivolous lawsuit to punish an attorney for representing clients who opposed the respondent in other legal action. Respondent and his wife were business partners with Henry and SueAnn DeHaan. The deterioration of that relationship resulted in a barrage of grievance complaints and civil suits. The DeHaans filed both a grievance against respondent and a lawsuit alleging misconduct in connection with their joint business. Respondent, in turn, filed a lawsuit against the DeHaans and their lawyer, Robert C. Hill. Respondent's wife also filed a grievance against Hill. The lawsuit against Hill was subsequently dismissed for lack of prosecution.
The referee found that respondent sued Hill to retaliate for Hill's representation of the DeHaans and to get leverage relative to the DeHaans' grievance and lawsuit against him. The referee concluded that respondent followed through on his threat without any factual or legal basis for naming Hill as a codefendant in the lawsuit against the DeHaans.
The referee recommended that respondent be found guilty of violating the following Rules Regulating The Florida Bar: rule 4-3.1 (for bringing a frivolous action by naming Hill as a codefendant); rule 4-8.4(d) (conduct prejudicial to the administration of justice); and rule 4-3.2 (failure to expedite proceedings, based on his failure to dismiss the suit against Hill).
Respondent challenges the referee's finding of guilt. The Florida Bar cross-petitions for review, arguing that the appropriate discipline should be a ninety-day suspension.
A referee's findings of fact are presumed to be correct and must be upheld unless clearly erroneous. The findings of fact here are supported by substantial competent evidence and are not contrary to the evidence in any material respect. The referee is in a unique position to assess the credibility of witnesses, and his judgment regarding credibility should not be overturned absent clear and convincing evidence that his judgment is incorrect. No such evidence exists in the instant case. Accordingly, we approve the recommended findings of fact.
We do not, however, fully agree with the referee's recommendations pertaining to discipline. This case certainly warrants probation. But, in addition, we are persuaded that a private reprimand is insufficient discipline under the circumstances of this case. Accordingly, respondent is hereby publicly reprimanded and placed on probation for one year in accordance with the referee's recommendations. Respondent shall appear before the Board of Governors of The Florida Bar at a time set by the Board for the administering of the reprimand. See R. Regulating Fla.Bar 3-5.1. Judgment for costs in the amount of $1,097.63 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[*] Art. V, § 15, Fla. Const.