916 So.2d 785 (2005)
Omar David HUSSAMY, M.D., et. al., Petitioners,
v.
Beatrice ROSE, Respondent.
Charles M. Fischman, M.D., et. al., Petitioners,
v.
Beatrice Rose, Respondent.
Nos. SC03-1399, SC03-1400.
Supreme Court of Florida.
November 23, 2005.
Robert D. Henry of Ringer, Henry, Buckley and Seacord, P.A., Orlando, FL, for Petitioner, Omar David Hussamy, M.D., et al.
Jennifer S. Carroll of Jennifer S. Carroll, P.A., Palm Beach Gardens, FL, and Lewis W. Murphy, Jr. of Moss, Henderson, Blanton, Lanier, Kretschmer and Murphy, P.A., Vero Beach, FL, for Petitioner, Charles M. Fischman, M.D., et al.
Donald A. Tobin, M.D., Hollywood, FL, for Respondent, Beatrice Rose.
LEWIS, J.
We have for review Rose v. Fiedler, 855 So.2d 122 (Fla. 4th DCA 2003), in which the Fourth District Court of Appeal relied upon Schlitt v. Currier, 763 So.2d 491 (Fla. 4th DCA 2000), and certified the following question as one of great public importance:
MAY A TRIAL COURT DISMISS A CIVIL ACTION AS THE RESULT OF THE PLAINTIFF'S ATTORNEY'S MISCONDUCT DURING THE COURSE OF THE LITIGATION WHERE A CONSIDERATION OF ALL OF THE KOZEL FACTORS POINT TO DISMISSAL EXCEPT THAT THERE IS NO EVIDENCE THAT THE CLIENT WAS PERSONALLY INVOLVED IN THE ACT OF DISOBEDIENCE?
Rose, 855 So.2d at 127-28 (referring to Kozel v. Ostendorf, 629 So.2d 817 (Fla. 1993)). We have jurisdiction and consolidate the petitions for purposes of this opinion. See art. V, § 3(b)(4), Fla. Const.
This Court recently addressed the essence of this certified question and disapproved Schlitt in Ham v. Dunmire, 891 So.2d 492 (Fla.2004). Thereafter, we directed the parties in the present cases to show cause why this Court should not exercise its jurisdiction, summarily quash Rose, and remand for reconsideration in light of Ham. After consideration of the responses to those show cause orders dated June 24, 2005, and the replies thereto, the Court has determined that it should do just that.
Therefore, this Court accepts jurisdiction in these cases, the petitions for review are granted, the Fourth District Court of Appeal's decision in Rose is quashed, and this matter is remanded to the district court of appeal for reconsideration upon *786 application of this Court's decision in Ham. No motion for rehearing will be entertained by the Court.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, QUINCE, CANTERO, and BELL, JJ., concur.