921 So.2d 720 (2006)
Beatrice ROSE, Appellant,
v.
Michael W. FIEDLER, M.D.; Charles M. Fischman, M.D.; Fischman & Borgmeier, M.D., P.A.; Omar David Hussamy, M.D.; Omar D. Hussamy, M.D., P.A.; and Coastal Orthopedic Center, Appellees.
No. 4D01-2856.
District Court of Appeal of Florida, Fourth District.
February 15, 2006.
*721 Donald Alan Tobkin, and Richard A. Barnett of Richard A. Barnett, P.A., Hollywood, for appellant.
Jennifer S. Carroll and Diane F. Medley of the Law Offices of Jennifer S. Carroll, P.A., Palm Beach Gardens, and Lewis W. Murphy of Moss, Henderson, Blanton, Lanier, Kretschmer & Murphy, P.A., Vero Beach, for appellees Charles M. Fischman, M.D., and Fischman & Borgmeier, M.D., P.A.
Robert D. Henry of Ringer, Henry, Buckley & Seacord, P.A., Orlando, for appellees Omar David Hussamy, M.D., Omar D. Hussamy, M.D., P.A., and Coastal Orthopedic Center.

ON MANDATE FROM THE SUPREME COURT
STEVENSON, C.J.
This case initially came to this court when a medical malpractice plaintiff appealed from a directed verdict entered in favor of the defendant physicians as a sanction for her trial counsel's misbehavior. Upon review, we held the record did not support a finding that the plaintiff herself participated in the misconduct and, absent such client participation, the imposition of a sanction that was tantamount to dismissal was simply too extreme. See Rose v. Fiedler, 855 So.2d 122 (Fla. 4th DCA 2003) (hereinafter Rose I). Our holding was predicated upon this district's earlier opinion in Schlitt v. Currier, 763 So.2d 491 (Fla. 4th DCA 2000), wherein we interpreted Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993),[1] as requiring client participation in the misconduct as a prerequisite to the imposition of a sanction as severe as dismissal. Despite our holding, we certified to the supreme court the following question: "May a trial court dismiss a civil action as the result of the plaintiff's attorney's misconduct during the course of the *722 litigation where a consideration of all of the Kozel factors point to dismissal except that there is no evidence that the client was personally involved in the act of disobedience?" 855 So.2d at 128.
Subsequent to the issuance of our opinion in Rose I, the supreme court disapproved Schlitt's holding that client participation was a predicate to imposition of a sanction as severe as dismissal and held all six of the Kozel factors must be considered with emphasis placed on the matter of prejudice. See Ham v. Dunmire, 891 So.2d 492, 497, 502 (Fla.2004). Our supreme court found the subsequently rendered decision in Ham had addressed the essence of the question certified in Rose I, quashed the decision in Rose I, and remanded the matter for reconsideration in light of Ham. See Hussamy v. Rose, 916 So.2d 785 (Fla.2005). We have reconsidered the matter as instructed and now affirm the sanction imposed by the trial court. As detailed in our prior opinion, "all of the factors discussed in Kozel, except for one [personal involvement of the client], weigh heavily in favor of dismissal," see Rose I, 855 So.2d at 126-27, and support the trial court's order directing a verdict against the plaintiff and in favor of the defendant physicians.[2] Accordingly, the judgment on review is affirmed.
Affirmed.
WARNER and TAYLOR, JJ., concur.
NOTES
[1] In Kozel, counsel for the plaintiff failed to file an amended complaint within the time frame ordered by the trial court; consequently, the trial judge dismissed the plaintiff's case with prejudice. The supreme court held that the sanction of dismissal should be reserved for those instances where "a lesser sanction would fail to achieve a just result" and remanded the case to the trial court to reconsider the appropriate sanction in light of the following six factors: "1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration." 629 So.2d at 818.
[2] In her special concurrence in Rose I, Judge Warner candidly stated that "[w]ere it not for Schlitt," she would affirm the trial court's ruling. 855 So.2d at 129.