944 So.2d 219 (2006)
THE FLORIDA BAR, Complainant,
v.
Donald Alan TOBKIN, Respondent.
No. SC04-1493.
Supreme Court of Florida.
October 26, 2006.
*221 John F. Harkness, Jr., Executive Director, Kenneth K, Marvin, Director of Lawyer Regulation, The Florida Bar, Tallahassee, Florida, Ian S. Seitel, Chair, and Mitchell J. Burnstein, Past Chair, Seventeenth Circuit Grievance Committee "H," Lillian Archbold, Ronna Friedman Young, Bar Counsel, Fort Lauderdale, Florida, for Complainant.
Donald Alan Tobkin, M.D., Pro se, Hollywood, Florida.
PER CURIAM.
We review a referee's report finding ethical breaches by Donald Alan Tobkin. We have jurisdiction. See art. V, § 15, Fla. Const. We approve the referee's findings of fact and recommendations as to guilt. However, we disapprove the recommended discipline of a ten-day suspension and instead impose a ninety-one-day suspension.

I. Factual and Procedural Background
The Florida Bar filed a four-count complaint alleging ethical misconduct by Tobkin. The first three counts arose from Tobkin's actions in connection with Rose v. Fiedler, a medical malpractice action in which he represented the plaintiff. The fourth count arose from Tobkin's actions in connection with Bronfman v. LaPayowker, another medical malpractice action in which he represented the plaintiff.
Count 1 of the complaint alleged that Tobkin engaged in objectionable conduct during pretrial discovery in the Rose case, including conduct intended to thwart defense counsel's efforts to take certain depositions, for which the trial judge sanctioned Tobkin to no avail. Count 1 further alleged that Tobkin's misconduct continued during the trial, which ultimately resulted in the trial court striking the plaintiff's witnesses and granting a directed verdict for the defense.
*222 Count 2 alleged that Tobkin referred to the "captain of the ship" doctrine in his opening statement, in violation of a court order directing the parties not to discuss any issue that was the subject of a pending motion. (The doctrine was the subject of a pending motion in limine filed by the defense.)
Count 3 alleged that, after the judge in Rose announced he was going to grant a directed verdict in favor of the defendants, Tobkin filed a second action in a different county on behalf of the same plaintiff against several of the same defendants. The second action was ultimately dismissed by the second trial court as a sham pleading.
Count 4 alleged that Tobkin created a disturbance at Aventura Comprehensive Cancer Center when he went to the center to meet with defense counsel concerning certain of his client's x-rays. Specifically, count 4 alleged Tobkin grabbed records away from opposing counsel, approached the receptionist and demanded to know who had released the records, and screamed at the film librarian, which led the center's personnel to summon security.
Among other things, the referee considered the Fourth District Court of Appeal's opinion in Rose v. Fiedler, 855 So.2d 122 (Fla. 4th DCA 2003), quashed sub nom. Hussamy v. Rose, 916 So.2d 785 (Fla. 2005). In that case, the district court found Tobkin's actions before the trial court contumacious and willfully disobedient, and that they had caused prejudice to the defense. The opinion also noted that the trial court had imposed sanctions on Tobkin on several occasions for discovery abuses, for failing to follow the case management order, and for other misconduct. The Fourth District opinion further noted that Tobkin created a disturbance at a cancer center in May 2002 when he tried to prevent defense counsel from obtaining his client's medical records pursuant to a subpoena. Defense counsel ultimately sought a restraining order. The Fourth District's opinion further noted that the "vast majority of the motions for sanctions, motions to compel, and motions for protective orders . . . were precipitated by [Tobkin's] failure to follow the rules of civil procedure and court orders" and that the "bulk of the defendants' motions were granted." Id. at 123. Finally, the opinion referred to Tobkin's statements to the jury about the "captain of the ship" doctrine, which was subject to a pending motion in limine, about midway through his opening statements, despite the fact the trial judge had instructed the attorneys not to discuss "any matter that was the subject of a pending motion." Id. at 124.[1]
The referee found Tobkin guilty of violating Rules Regulating the Florida Bar 4-3.1 (asserting only meritorious claims and contentions), 4-3.4(a) (unlawfully obstructing another party's access to evidence), 4-3.4(c) (knowingly disobeying an obligation under the rules of a tribunal), 4-3.4(d) (making a frivolous discovery request or failing to comply with a legally proper discovery request), and 4-8.4(d) (engaging in conduct prejudicial to the administration of justice). The referee found one mitigating factorabsence of a prior disciplinary *223 recordand three aggravating factors: (1) a pattern of misconduct; (2) multiple offenses; and (3) substantial experience in the practice of law. The referee further recommended that Tobkin be suspended for ten days, ordered to attend The Florida Bar's program on professionalism, and ordered to pay costs.

II. Legal Analysis
Tobkin petitions for review, claiming that (A) the referee erred in denying his motion to dismiss the charges against him for insufficiency; (B) the referee's findings are not supported by competent, substantial evidence in the record; and (C) a ten-day suspension is not warranted. We address each of these in turn.

A. Sufficiency of the Charges
Tobkin argues that the Bar's charges were legally insufficient because they failed to allege, and the Bar failed to prove by clear and convincing evidence, that unbiased and identifiable, qualified individuals comprised the grievance committee which found probable cause in his case. According to Tobkin, this was a mandatory condition precedent.
There is no support for this argument. Rule 3-7.6(h)(1)(B), which sets forth the requisite contents of a Bar complaint, provides: "The complaint shall set forth the particular act or acts of conduct for which the attorney is sought to be disciplined." It does not mention a need to plead anything about the members of the grievance committee who found probable cause. If Tobkin believed one or more members of the grievance committee were biased, the burden was upon him to seek their recusal. In fact, he sought to have three members of the grievance committee in his case remove themselves from the case. One of the members did so. The other two did not. Tobkin does not raise any issue with regard to those two members.
Rule 3-3.4(c) of the Rules Regulating the Florida Bar provides:
No member of a grievance committee shall perform any grievance committee function when that member:
(1) is related by blood or marriage to the complainant or respondent;
(2) has a financial, business, property, or personal interest in the matter under consideration or with the complainant or respondent;
(3) has a personal interest that could be affected by the outcome of the proceedings or that could affect the outcome; or
(4) is prejudiced or biased toward either the complainant or the respondent.
Upon notice of the above prohibitions the affected members should recuse themselves from further proceedings. The grievance committee chair shall have the power to disqualify any member from any proceeding in which any of the above prohibitions exist and are stated of record or in writing in the file by the chair.
Tobkin does not identify which of the grievance committee members he believes should have been recused. Nor does he state any grounds for recusal. Thus, we find that Tobkin's claims that the referee erred in denying his motion to dismiss the charges against him for insufficient evidence are without merit.

B. The Referee's Findings
Tobkin next argues there was insufficient evidence to support the referee's findings. He claims the findings concerning Counts 1 through 3 were based on hearsay language included in the "unauthenticated" opinion of the Fourth District in Rose v. Fiedler, 855 So.2d 122 (Fla. 4th DCA 2003). According to Tobkin, hearsay evidence should not and cannot be considered *224 clear and convincing evidence. Tobkin further argues that the Bar's two live witnesses, who testified concerning the allegations in Count 4, were biased and gave false testimony and affidavits. He asserts that no live testimony supported the referee's finding that he yanked x-rays away from defense counsel.
We disagree with Tobkin's assessment of the sufficiency of the evidence. First, the referee properly relied upon facts included in the Fourth District's opinion in Rose v. Fiedler. Because Bar disciplinary proceedings are quasi-judicial rather than civil or criminal, the referee is not bound by the technical rules of evidence. Consequently, a referee has wide latitude to admit or exclude evidence, see Fla. Bar v. Rotstein, 835 So.2d 241, 244 (Fla.2002); Fla. Bar v. Rendina, 583 So.2d 314, 315 (Fla.1991), and may consider any relevant evidence, including hearsay and the trial transcript or judgment in a civil proceeding. See Fla. Bar v. Vining, 707 So.2d 670, 673 (Fla.1998); Fla. Bar v. Vannier, 498 So.2d 896, 898 (Fla.1986). A referee's decisions about the admissibility of evidence will not be disturbed absent an abuse of discretion. Rotstein, 835 So.2d at 244.
Even if the rules of evidence did apply strictly, the referee's consideration of the Fourth District's opinion nevertheless would have been proper. Section 90.201, Florida Statutes (2005), entitled "Matters which must be judicially noticed," provides that a court shall take judicial notice of: "Decisional, constitutional, and public statutory law and resolutions of the Florida Legislature and the Congress of the United States." The opinion in Rose constitutes decisional law. Although the Fourth District initially reversed the trial court's decision granting a directed verdict in favor of the defendants, it did so because there was no evidence that Tobkin's client had knowledge of or involvement in Tobkin's misconduct.
In making his factual findings, the referee was also entitled to consider the affidavits and other documents introduced in evidence. See Fla. Bar v. Centurion, 801 So.2d 858 (Fla.2000) (holding that the referee could consider a client's written complaint to the Bar and the testimony of another client's sister concerning the client's complaint, even though the clients were not present at the hearing, where the attorney did not subpoena the witnesses or demonstrate that he was prejudiced by not having the witnesses present at the hearing).
Tobkin's argument that the witnesses who testified about the Bronfman case were unreliable is also without merit. "The referee is in a unique position to assess the credibility of witnesses, and his judgment regarding credibility should not be overturned absent clear and convincing evidence that his judgment is incorrect." Fla. Bar v. Thomas, 582 So.2d 1177, 1178 (Fla.1991).
We find there is competent, substantial evidence in the record to support the referee's findings.

C. The Recommended Sanction
The referee recommended a ten-day suspension. We disapprove that recommendation, finding there is no reasonable basis in case law or the Florida Standards for Imposing Lawyer Sanctions.
We recognize that Tobkin argues that a ten-day suspension was too harsh, and that the Bar conversely argues that such a suspension is appropriate. We nevertheless conclude that Tobkin's misconduct, especially in light of his unwillingness to comprehend that his conduct was inappropriate, warrants a suspension of ninety-one days.
*225 Standards 6.12,[2] 6.22,[3] and 7.2[4] support the imposition of a suspension for each of Tobkin's several acts of misconduct, and case law demonstrates that a significantly longer suspension than ten days is warranted for misconduct as egregious as Tobkin's. The case of Florida Bar v. Committe, 916 So.2d 741 (Fla.2005), cert. denied, ___ U.S. ___, 126 S.Ct. 1890, 164 L.Ed.2d 569 (2006), is instructive. In that case, the attorney was found guilty of knowingly failing to comply with legally proper discovery requests, filing two frivolous federal lawsuits, and abusing the legal process, all in connection with a proceeding to collect on a judgment against him. The attorney's misconduct occurred in a debt collection case in which he was the defendant. This Court rejected the referee's recommendation that he be privately reprimanded and instead imposed a ninety-day suspension and one year's probation, and ordered him to obtain additional training.
In Committe, we cited to Florida Bar v. Richardson, 591 So.2d 908 (Fla.1991). There, an attorney was suspended for sixty days for filing a frivolous federal lawsuit in violation of rule 4-3.1. See also Fla. Bar v. Kelly, 813 So.2d 85 (Fla.2002) (disapproving a referee's recommended discipline of a sixty-day suspension and imposing a ninety-one-day rehabilitative suspension for filing a frivolous lawsuit and other misconduct).
Here, Tobkin has done much more than file a frivolous lawsuit, warranting a proportionately greater sanction. Tobkin's misconduct occurred in connection with two cases in which he represented clients. His misconduct resulted in a directed verdict against his client.
A review of Bar discipline cases in which ten-day suspensions were imposed shows the insufficiency of that sanction for the misconduct involved here. The conduct in those cases was significantly less egregious. See Fla. Bar v. Glick, 693 So.2d 550, 551 (Fla.1997) (failing to pursue the claim of a client, failing to convey a settlement offer, failing to inform clients the claim had been dismissed, failing to respond to requests for status updates, and misrepresenting clients' concern for maintaining the confidentiality of a settlement agreement); Fla. Bar v. Nunes, 661 So.2d 1202 (Fla.1995) (sending a letter critical of opposing counsel's handling of the case to opposing counsel's client); Fla. Bar v. Grosso, 647 So.2d 840, 841 (Fla.1994) (failing to respond to the Bar's letter of inquiry); Fla. Bar v. Herzog, 521 So.2d 1118 (Fla.1988) (engaging in deceptive billing practices); Fla. Bar v. Golden, 502 So.2d 891, 892 (Fla.1987) (failing to file a probate action, failing to communicate with a client, and misrepresenting the status of the case to a client); Fla. Bar v. Stein, 471 So.2d 36, 37 (Fla.1985) (neglecting legal matters); Fla. Bar v. Lund, 410 So.2d 922, 923 (Fla.1982) (admitting a small portion of respondent's testimony before the grievance *226 committee was untrue, although he claimed it was unintentional).
Tobkin, on the other hand, engaged in many acts of misconduct, intentionally violated court orders, filed a sham pleading, and even acted in such an unprofessional manner that hospital security was called to deal with him. His misconduct at the cancer center, grabbing records from people and screaming at the librarian, bordered on violent. Further, Tobkin continues to believe his conduct was nothing more than zealous advocacy. He blames his problems on the trial court, defense counsel, The Florida Bar, and the grievance committee. Based on these facts and the cases cited above, we disapprove the referee's recommendation of a ten-day suspension and hold that a ninety-one-day suspension is required.
Tobkin's due process rights are not implicated by our decision to impose a stiffer sanction than the referee recommended and the Bar has sought. The charges themselves placed Tobkin on notice of the possible sanctions. See Fla. Bar v. Baker, 810 So.2d 876, 879-80 (Fla. 2002) (holding that the attorney had notice that disbarment was a possible sanction as a result of the charges and the Florida Standards for Imposing Lawyer Sanctions). Tobkin was also given adequate opportunity to explain the circumstances of the alleged offenses and to offer testimony in mitigation of any penalty to be imposed. See Fla. Bar v. Carricarte, 733 So.2d 975, 978-79 (Fla.1999) (holding that due process was satisfied as long as the attorney was given an adequate opportunity to explain the circumstances of the alleged offense and to offer testimony in mitigation).

III. Conclusion
Based on the foregoing, we approve the referee's factual findings and recommendation that Donald Alan Tobkin be found guilty of violating rules 4-3.1 (asserting only meritorious claims and contentions), 4-3.4(a) (unlawfully obstructing another party's access to evidence), 4-3.4(c) (knowingly disobeying an obligation under the rules of a tribunal), 4-3.4(d) (making a frivolous discovery request or failing to comply with a legally proper discovery request), and 4-8.4(d) (engaging in conduct prejudicial to the administration of justice). We disapprove the referee's recommended sanction of a ten-day suspension.
Donald Alan Tobkin is hereby suspended from the practice of law for ninety-one days and until he is reinstated following a hearing in which he proves his rehabilitation by clear and convincing evidence. The suspension will be effective thirty days from the filing of this opinion so that Tobkin can close out his practice and protect the interests of existing clients. If Tobkin notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Tobkin shall accept no new business from the date this opinion is filed until he is reinstated.
Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida XXXXX-XXXX, for recovery of costs from Donald Alan Tobkin in the amount of $2,914.78, for which sum let execution issue.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] The Fourth District nevertheless reversed the directed verdict in favor of the defendants because there was no evidence that Tobkin's client had knowledge of or involvement in Tobkin's misconduct. In Hussamy v. Rose, 916 So.2d 785 (Fla.2005), this Court quashed the Fourth District's decision and remanded the case for reconsideration in light of Ham v. Dunmire, 891 So.2d 492 (Fla.2004) (holding that dismissal may be proper even if there is no evidence that the client was personally involved in the attorney's act of disobedience). On reconsideration, the Fourth District affirmed the trial court's directed verdict. Rose v. Fiedler, 921 So.2d 720 (Fla. 4th DCA 2006).
[2] Standard 6.12 provides:

Suspension is appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action.
[3] Standard 6.22 provides:

Suspension is appropriate when a lawyer knowingly violates a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding.
[4] Standard 7.2 provides:

Suspension is appropriate when a lawyer knowingly engages in conduct that is a violation of duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.