LABARGA, J.,
dissenting.
Because I conclude that the reprimand and probation imposed on respondent constitute an insufficient sanction in light of his egregious behavior and the rules violated in this case, I respectfully dissent. The Amended Report of Referee in this case found as fact that respondent Tropp, an attorney acting as co-counsel in the post-dissolution portion of his own divorce case, personally filed a fourth motion to disqualify the trial judge. The referee found that in the motion, respondent alleged that the judge had an improper, essentially ex parte, discussion outside of respondent’s presence with Tropp’s ex-wife’s attorney concerning the amount of respondent’s support payments.
The referee further found, however, that the motion failed to state that respondent’s co-counsel was present during the discussion in question, and that the omission was a misrepresentation designed to mislead the court because respondent knew that his co-counsel was present. These findings by the referee are supported by competent, substantial evidence. See Fla. Bar v. Frederick, 756 So.2d 79, 86 (Fla.2000) (reiterating that if a referee’s findings of fact are supported by competent, substantial evidence in the record, the Court will not reweigh the evidence and substitute its judgment for that of the referee).
The fourth motion to disqualify was granted and the trial judge did recuse himself, but referred this matter to The Florida Bar. After a disciplinary hearing, the referee recommended that Tropp be found guilty of violating the following Rules Regulating the Florida Bar: Rules of Professional Conduct 4-3.1 (meritorious claims and contentions); 4-3.3(a) (candor toward the tribunal); 4-8.2(a) (impugning qualifications and integrity of judges or other officers); 4-8.4(c) (conduct involving *102 dishonesty, fraud, deceit, or misrepresentation); and 4-8.4(d) (conduct in connection with the practice of law that is prejudicial to the administration of justice).
Regardless of whether a lawyer, even one acting as co-counsel in his own case, is under the stress of a dissolution proceeding or any other litigation, the lawyer should never misrepresent a material fact, either by omission or commission, to the court. The fact that respondent’s allegation lacked candor and was designed to mislead the court — and, further, wrongfully and unfairly impugned the integrity, objectivity, and fairness of the trial judge — makes the violations committed in this case even more egregious. While a public reprimand and probation are not insignificant sanctions, rehabilitative sanctions have been imposed for conduct similar to that in the instant case. See, e.g., Fla. Bar v. Gwynn, 94 So.3d 425, 433 (Fla.2012) (imposing a ninety-one day suspension for violating, in pertinent part, rules regarding meritorious claims and contentions; candor toward the tribunal; conduct involving dishonesty, fraud, deceit, or misrepresentation; and conduct prejudicial to the administration of justice); see also Fla. Bar v. Abramson, 3 So.3d 964, 967-69 (Fla.2009) (imposing a ninety-one day suspension for violation of rule regarding making statements known to be false or with reckless disregard for the truth, rule prohibiting conduct prejudicial to the administration of justice, and several other rules).
In addition to precedent supporting a suspension in this case, the Florida Standards for Imposing Lawyer Sanctions also indicate that a suspension in this case would be appropriate. Standard 6.12 provides that “[sjuspension is appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action.” Respondent Tropp submitted his fourth motion knowingly omitting material information that would have clarified his misleading assertion that the trial judge met with his ex-wife’s counsel without Tropp or, by omission, that his own co-counsel was present. Standard 7.2 provides that “[suspension is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.”
In this case, respondent only succeeded in obtaining a recusal, ultimately in his fourth motion, due to his violation of the Rules Regulating the Florida Bar. In so doing, he caused harm to the judicial system and unnecessary delays associated with reassignment to a new judge. These serious violations by respondent, committed in an effort to obtain some personal unfair advantage in the litigation, warrant a rehabilitative suspension. Thus, for the foregoing reasons, I dissent.
CANADY, J., concurs.