PER CURIAM.
We have for review a referee’s report recommending that Michelle Erin Berthi-aume be found guilty of professional misconduct and suspended from the practice of law for ten days. We have jurisdiction. See art. V, § 15, Fla. Const. We approve the referee’s findings of fact. For the reasons discussed herein, we disapprove the referee’s recommendation that Berthi-aume be found not guilty of violating Rule Regulating the Florida Bar 4-8.4(c). We find that she is guilty of violating the rule. We approve the referee’s other recommendations as to guilt. We disapprove the referee’s recommended sanction of a ten-day suspension and instead impose a ninety-one-day suspension.
FACTS
The Florida Bar filed a disciplinary complaint alleging that Respondent Berthi-aume violated the Rules Regulating the Florida Bar by serving a fraudulent subpoena on a bank. A referee was appointed. After holding hearings, in which the referee considered testimony and evidence, the referee submitted a report to the Court with the following findings and recommendations.
On September 25, 2004, Respondent signed and served by United States mail a document entitled “Subpoena Duces Te-cum” on Pelican Bank. The purported subpoena directed the bank to produce the records of Respondent’s client, specifically seeking information regarding checks that the client had written to Respondent from the client’s account at the bank. Previously, the bank had not honored the checks. The fraudulent subpoena stated: “If you fail to produce these records and the above requested information as described, you may be held in contempt of court, punishable by a fine or incarceration or both.” There was no pending case and the purported subpoena was not authorized by law. The bank refused to honor the false subpoena, and a lawyer for the Bank filed a Bar complaint regarding Respondent’s conduct.
The referee found by clear and convincing evidence that Respondent was responsible for the language in the fraudulent subpoena, including the language threatening incarceration and contempt. Respondent designed the purposefully misleading subpoena to cause the bank to produce the records, even though she did not have any legal authority for the subpoena. Further, Respondent knowingly and deliberately sent the false subpoena.
Based on these factual findings, the referee recommended finding Respondent guilty of violating Rule Regulating the Florida Bar 4-8.4(d) (a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice). The referee accurately noted that all members of the legal profession must conduct themselves responsibly and professionally to preserve the integrity of our system. As the referee stated, it is unacceptable for a member of The Florida Bar to knowingly and deliberately utilize a fraudulent subpoena to *506 threaten a third party with incarceration or mislead them to produce documents.
The referee recommended that Respondent be found not guilty of the alleged violations of rules 4-4.1 (in the course of representing a client, a lawyer shall not knowingly make a false statement of material fact or law to a third person), 4^4.4 (in representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person or knowingly use methods of obtaining evidence that violate the legal rights of such a person), and 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).
In recommending a sanction, the referee relied on Florida Standards for Imposing Lawyer Sanctions 6.22, “Abuse of the Legal Process” (suspension is appropriate when a lawyer knowingly violates a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding), and 7.2, “Violations of Other Duties Owed as a Professional” (suspension is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system).
The referee did not find any factors in aggravation. With regard to mitigating factors, the referee found Florida Standards for Imposing Lawyer Sanctions 9.32(a) (absence of a prior disciplinary record), 9.32(f) (inexperience in the practice of law),[1] 9.32(g) (character or reputation), and 9.32Q) (interim rehabilitation). In addition, the referee noted that Respondent has provided pro bono representation to disadvantaged individuals through Florida Rural Legal Services. The referee stated that if Respondent did not have the mitigating factor of pro bono service, the recommended sanction would have been more severe. Further, subsequent to the misconduct, Respondent twice submitted to a voluntary LOMAS review. She also participated in the Professionalism Workshop and Ethics School courses.
The referee recommended the sanction of a ten-day suspension and awarded costs to the Bar in the amount of $13,528.92.
The Bar sought review of the referee’s report. The Bar challenges the referee’s recommendations that Respondent be found not guilty of violating rule 4-8.4(c) and that a ten-day suspension is the appropriate sanction. Respondent filed a cross-petition challenging the referee’s report. Respondent asserts that various rulings by the referee prevented her from presenting her case in defense and that the appropriate sanction is a public reprimand.
ANALYSIS
I. Respondent Asserts that the Referee Erred by Ruling Against Respondent on Several Issues, Which Prevented Respondent From Presenting Her Case.
As for the first issue on review, Respondent claims that the referee erred by ruling against Respondent’s requests to depose witnesses and introduce evidence allegedly showing that the Bar failed to abide by the Rules Regulating the Florida Bar. Respondent argues that the rulings prohibited her from mounting a proper defense in the disciplinary proceeding.
Respondent’s fundamental argument is that the referee did not permit her *507 to take certain depositions. Pursuant to Rule Regulating the Florida Bar 3-7.6(f)(2), “[discovery shall be available to the parties in accordance with the Florida Rules of Civil Procedure.” In civil cases and in Bar disciplinary cases, trial courts’ and referees’ decisions regarding discovery are discretionary and are only reviewed for an abuse of discretion. See Fla. Bar v. Lobasz, 64 So.3d 1167, 1171 (Fla.2011); Vega v. CSCS Int’l, N.V., 795 So.2d 164, 167 (Fla. 3d DCA 2001). In this case, the record shows that the referee did not abuse her discretion when she decided not to allow Respondent to take the depositions.
The referee repeatedly allowed Respondent to present her argument that the Bar engaged in misconduct. The referee considered Respondent’s repetitious allegations, even when the same arguments were presented in different forms (i.e., a motion to dismiss, an amended motion for affirmative defenses). The mere fact that the referee ruled against Respondent does not demonstrate that the referee erred or prohibited Respondent from presenting a defense. In fact, the record shows just the opposite—the referee permitted Respondent to repeatedly present these arguments. In her report, the referee discussed the issues and even stated that “this has been a lengthy prosecution” and that a “large amount of time was spent in this proceeding dealing with multiple challenges by Respondent to the authority of The Florida Bar to prosecute Respondent.” Report of Referee at 12. Thus, Respondent was not prevented from presenting a defense before the referee.
Next, Respondent continues to assert that in a previous proceeding, the Bar’s Designated Reviewer had a conflict of interest and should not have been permitted to present the investigation to the initial grievance committee and the Board of Governors. However, Respondent’s current argument is meritless. In that initial case, the parties agreed to a dismissal without prejudice. As that case was jointly dismissed by the Bar and Respondent, and thereafter a different grievance committee considered the investigation, Respondent has already been provided with the appropriate relief. Any possible taint or bias that might have created a conflict during the first proceeding was removed. In addition, as Respondent made these arguments before the referee, she was not prevented from presenting her defense.
Further, the Bar served its complaint in the initial case against Respondent in February 2007. This is the case that was dismissed without prejudice “so that a new grievance committee could be assigned the case for a new, taint free investigation.” Report of Referee at 12. Despite Respondent’s current assertions, the Bar was specifically authorized to bring a second case against Respondent. The Bar did not violate the Rules Regulating the Florida Bar by bringing another case, in September 2008, against Respondent that included new allegations of misconduct. As Respondent had agreed that the first case could be dismissed without prejudice, she is mischaracterizing the history of the proceedings by claiming that the Bar was not authorized to bring the second case. Also, Respondent made these arguments before the referee, so her instant claim that she was prevented from presenting a defense is without merit.
In addition, Respondent asserts that a question by a member of the second grievance committee, Andrew Epstein, showed bias and prejudice that warranted the recusal of the entire grievance committee. Epstein had asked a witness about the nature of her relationship with Respondent, stating that his inquiry went to *508 the issue of the witness’s possible bias. Respondent has repeatedly raised this allegation of bias and prejudice. She sought to have Epstein recuse himself. He did not. She asked the second grievance committee to be recused. It did not. The chair of the grievance committee did not grant her additional request for recusal. Before the referee, Respondent raised this claim again, moving to dismiss the Bar’s complaint, arguing that the grievance committee and Epstein should have recused themselves. The referee denied her motion. She then recast these arguments in the form of an Answer and Affirmative Defenses, raising the issue as a defense that the Bar engaged in misconduct. The referee considered her various arguments and ruled on them. Thereafter, Respondent filed a motion to amend her affirmative defenses, which the refei'ee denied. Despite the referee’s repeated consideration and rulings on this very issue, Respondent then sought to depose certain people, including Epstein. The referee ruled against Respondent and did not permit her to conduct the depositions. Courts have authority to control discovery in all aspects in order to prevent harassment and undue invasion of privacy. S. Fla. Blood Service, Inc. v. Rasmussen, 467 So.2d 798 (Fla. 3d DCA 1985), approved, 500 So.2d 538 (Fla.1987). The record clearly shows that the referee allowed Respondent to present her arguments repeatedly. The record suggests that the referee denied Respondent’s request to take the depositions in order to control the case and move forward.
Accordingly, for the above reasons, we conclude that the referee did not engage in an abuse of discretion by denying Respondent’s request to take the depositions. We further conclude that Respondent was not prevented from presenting a defense in the proceedings.
II. Whether Respondent Should be Found Guilty of Violating Rule 4-8.4(c).
As for the second issue, the Bar challenges the referee’s recommendation that Respondent be found not guilty of violating rule 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). The Bar asserts that the referee should have recommended finding Respondent guilty of violating rule 4 — 8.4(c) because she knowingly sent an unauthorized subpoena to the bank that was clearly misleading and designed to obtain the bank’s records of a client.
The referee found that Respondent sent a document titled “Subpoena Duces Te-cum” to the bank. The document directed the bank to produce the financial records of Respondent’s client, even though Respondent did not have authority to request the records. Respondent asserts that she made a mistake and that the document was not intended to look like a subpoena. However, the document plainly stated: “If you fail to produce these records and the above requested information as described, you may be held in contempt of court, punishable by a fine or incarceration or both.” It also contained the phrase “civil action.” The referee stated:
I find by clear and convincing evidence that Respondent is responsible for including language threatening incarceration and contempt in the purported subpoena which was clearly designed to cause the Bank to produce the records without legal authority. The language in the purported subpoena was clearly misleading. Respondent knowingly and deliberately sent the purported subpoena with the offending language. (Emphasis added.)
Report of Referee at 3. Respondent signed this fraudulent subpoena when she knew *509 that she did not have a case pending against her client.
Although the referee made these factual findings, she recommended that Respondent be found not guilty of violating rule 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent argues that the referee is supported in recommending that she is not guilty because the Bar did not prove that Respondent engaged in fraud. This argument is misguided because there is no requirement that fraud must be proven to show that a respondent violated the rule. In fact, conduct involving any element, such as dishonesty, deceit, or misrepresentation, can result in a violation of rule 4 — 8.4(c).
In Florida Bar v. Forrester, 818 So.2d 477, 481 (Fla.2002), the Court approved the referee’s recommended finding of a violation of rule 4 — 8.4(c) for a respondent who had engaged in misrepresentation but not fraud. During a deposition, Forrester made an intentional misrepresentation concerning the location of an exhibit when asked whether she had it. Although For-rester accurately replied, “I’m not seeing it,” Forrester’s answer was intentionally misleading because she knew the document was located by her briefcase and she deliberately failed to disclose that information to opposing counsel. Forrester engaged in an intentional misrepresentation, not fraud, and was found guilty of violating rule 4-8.4(c).
Similarly, in Florida Bar v. Nicnick, 963 So.2d 219, 223-24 (Fla.2007), Nicnick deliberately and knowingly concealed a signed settlement agreement (involving child support arrearages) from opposing counsel. Nicnick’s misconduct was intentional, and his failure to share the purported settlement agreement with opposing counsel constituted a deceitful act. By its very nature, the act of omission demonstrated by concealing a relevant document is deceptive. As in Forrester, the Court in Nic-nick did not refer to fraud. In Nicnick, the Court spoke of deception, 963 So.2d at 224, and approved the referee’s recommendation that Nicnick be found guilty of violating rule 4-8.4(c).
Although the Bar did not seek to prove that Respondent engaged in fraud, the facts, record, and case law show that Respondent is guilty of violating rule 4-8.4(c) due to her intentional misrepresentation and deceitful conduct. See, e.g., Fla. Bar v. Miller, 863 So.2d 231 (Fla.2003) (finding respondent violated rule 4-8.4(c) by deliberately concealing that he was aware of the existence of the Equal Employment Opportunity Commission’s first notice of client’s right to sue, where the respondent’s intentional failure to disclose a crucial piece of evidence was not treated as “fraud”). Respondent engaged in deceit and misrepresentation by deliberately crafting and mailing the fraudulent subpoena that was “clearly designed to cause the bank to produce the records without legal authority.” Report of Referee at 3.
The Court has repeatedly stated that the referee’s factual findings must be sufficient under the applicable rules to support the recommendations as to guilt. See Fla. Bar v. Shoureas, 913 So.2d 554, 557-58 (Fla.2005). In this case, the referee’s factual findings do not support the recommendation of not guilty. Accordingly, we disapprove the referee’s recommendation that Respondent be found not guilty of violating rule 4-8.4(c). Because the record and the referee’s findings show that Respondent “knowingly and deliberately sent the purported subpoena with the offending language,” which was “clearly designed to cause the bank to produce the records without legal authority,” and thus “clearly misleading” (Report of Referee at *510 3), we find Respondent guilty of violating rule 4-8.4(c).[2]
III. Whether the Referee’s Recommended Discipline Should be Approved.
As for the third issue, The Florida Bar challenges the referee’s recommended sanction of a ten-day suspension, arguing that the appropriate sanction is a ninety-one-day suspension. In reviewing a referee’s recommended discipline, this Court’s scope of review is broader than that afforded to the referee’s findings of fact because, ultimately, it is the Court’s responsibility to order the appropriate sanction. Fla. Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989); see also art. V, § 15, Fla. Const. However, generally speaking this Court will not second-guess the referee’s recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. Fla. Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999).
On review, we find Respondent guilty of violating rule 4-8.4(c). In addition, we approve the referee’s recommendation .that she be found guilty of violating rule 4-8.4(d). In considering violations of rules 4-8.4(c) and 4-8.4(d), we have explicitly stated that “basic, fundamental dishonesty ... is a serious flaw, which cannot be tolerated [because] ‘[dishonesty and a lack of candor cannot be tolerated by a profession that relies on the truthfulness of its members.’ ” Fla. Bar v. Rotstein, 835 So.2d 241, 246 (Fla.2002) (quoting Fla. Bar v. Korones, 752 So.2d 586, 591 (Fla.2000)); see also Fla. Bar v. Head, 27 So.3d 1 (Fla.2010). Respondent has engaged in serious misconduct — she abused the subpoena power, which is a power of the court, for her personal investigation. Such dishonest conduct demonstrates the utmost disrespect for the court and is destructive to the legal system as a whole.
In Forrester, discussed above, Forrester engaged in misrepresentation and was guilty of violating rule 4-8.4(c). Thus, her misdeeds and Respondent’s misconduct are similar. Forrester knowingly and intentionally removed and concealed a document for a period of time during a deposition. Although Forrester was given more than one opportunity to return the document, she did not do so until she was confronted by opposing counsel. The Court imposed a sixty-day suspension, followed by one year of probation. By comparison, Respondent’s misconduct is significantly more serious than Forrester’s behavior. Respondent abused the subpoena power for her personal investigation into someone’s private finances. She sought to deceive the bank so it would provide her with the financial records of her client, when she had no authority to seek this confidential information. Because Respondent’s misconduct is more egregious than Forrester’s, she merits a more substantial sanction than Forrester’s sixty-day suspension.
In Nicnick, discussed above, Nicnick was guilty of violating rule 4-8.4(c) for deliberately and knowingly concealing a *511 signed settlement agreement from opposing counsel. The Court imposed a ninety-one-day suspension. Respondent’s misconduct is as serious as Nicnick’s concealment of a document. Respondent created and mailed a fraudulent subpoena to the bank. A subpoena is backed by the authority of the court to enforce the commands of the subpoena. Courts enforce lawful subpoenas through their contempt powers. Creating a false subpoena commanding compliance usurps the judicial prerogative and violates the sanctity of court proceedings. Respondent’s misrepresentation and deceit, which violated rules 4 — 8.4(c) and 4-8.4(d), warrant the same sanction imposed in Nicnick, a ninety-one-day suspension.[3]
We find that the referee’s recommended sanction of a ten-day suspension does not have a reasonable basis in existing case law. See Nicnick; Forrester. We disapprove the recommended sanction and, based on case law, conclude that a ninety-one-day suspension is the appropriate sanction.
CONCLUSION
Accordingly, we approve the referee’s findings of fact and award of costs. We disapprove the referee’s recommendation that Respondent be found not guilty of violating rule 4-8.4(e). We find Respondent guilty of violating rule 4-8.4(c). We approve the referee’s other recommendations as to guilt. Further, we disapprove the referee’s recommendation of a ten-day suspension. Michelle Erin Berthiaume is hereby suspended from the practice of law for ninety-one days. The suspension will be effective thirty days from the filing of this opinion so that Berthiaume can close out her practice and protect the interests of existing clients. If Berthiaume notifies this Court in writing that she is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Michelle Erin Ber-thiaume shall fully comply with Rule Regulating the Florida Bar 3-5.1(g). Further, Berthiaume shall accept no new business from the date this opinion is filed until she is reinstated.
Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Michelle Erin Berthiaume in the amount of $13,528.92, for which sum let execution issue.
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.

. Respondent had been practicing law for approximately four years when she committed the misconduct. The referee found that most of Respondent’s practice had been in criminal law matters, so she was not experienced in civil matters.

. In Florida Bar v. Fredericks, 731 So.2d 1249 (Fla. 1999), the Court stated that ‘‘in order to satisfy the element of intent it must only be shown that the conduct was deliberate or knowing.” Id. at 1252; see also Fla. Bar v. Brown, 905 So.2d 76, 81 (Fla.2005); Fla. Bar v. Barley, 831 So.2d 163, 169 (Fla.2002). The motive behind the respondent’s action is not the determinative factor; rather, the issue is whether the respondent deliberately or knowingly engaged in the activity in question. Thus, to find a violation of rule 4-8.4(c), intent can be proven by establishing that the respondent deliberately or knowingly engaged in the activity in question. In the current case, the Report of Referee and the record show that Respondent had the requisite intent.

. Respondent asserts that her pro bono work and the three other mitigating factors (absence of a prior disciplinary record; inexperience in the practice of law; and interim rehabilitation) demonstrate that the appropriate sanction is a public reprimand. Her argument is misguided in relying so heavily on these mitigating factors. The Court has stated that an attorney’s character and good works do not operate "as a credit” against misconduct, Florida Bar v. Travis, 765 So.2d 689 (Fla.2000), and that "[pjrior commendable acts cannot exonerate an attorney” from discipline, Florida Bar v. Korones, 752 So.2d 586 (Fla.2000). Further, since Respondent had only been practicing law for four years when she engaged in this misconduct, the absence of a disciplinary record is not remarkable.