# Supreme Court of Florida

_____

No. SC21-933
_____

**THE FLORIDA BAR**,
Complainant,

vs.

**ODIATOR ARUGU**,
Respondent.

November 10, 2022

PER CURIAM.

We have for review a referee's report recommending that Respondent, Odiator Arugu, be found guilty of professional misconduct in violation of the Rules Regulating The Florida Bar (Bar Rules), and that he be suspended from the practice of law for sixty days as a sanction for his misconduct. We have jurisdiction. *See* art. V, § 15, Fla. Const. For the reasons discussed below, we approve the referee's findings of fact and recommendations as to guilt, except as to Bar Rule 4-3.4(a), which we disapprove. We also

disapprove the referee's recommended discipline and instead suspend Arugu from the practice of law for ninety-one days.

## BACKGROUND

Arugu represented George Rodriguez in his divorce proceedings. Rodriguez's father-in-law claimed that he owned a 50% undivided interest in the marital home. On May 13, 2020, Arugu prepared and filed with the circuit court a Notice of Production from Non-Party Freedom Mortgage Corporation (Freedom), along with a proposed subpoena duces tecum. The proposed subpoena listed seven sets of records Arugu wanted Freedom to produce pertaining to Rodriguez's wife and father-in-law. After the ten-day period to serve an objection to the proposed subpoena expired,[1] Arugu served a modified version of the subpoena on Freedom, seeking the production of three additional sets of records. Specifically, Arugu sought credit check reports and mortgage loan applications for Rodriguez's wife and father-in-law, and any power of attorney executed by Rodriguez's father-in-law. In

---

1. Under Florida Family Law Rule of Procedure 12.351(b) (Production of Documents and Things Without Deposition) (Procedure), a party may serve an objection to production under the rule within ten days of service of the notice.

a January 4, 2021, sworn statement in the Bar disciplinary case, Arugu explained that after the ten-day period to serve an objection expired, when he was about to issue the subpoena, it occurred to him that he did not request those records and decided to include them in the subpoena.

On May 27, 2020, Arugu filed with the circuit court a copy of the modified subpoena that he served on Freedom. Wade Luther, who represented Rodriguez's wife, emailed a letter to Arugu the same day, objecting to the "materially and substantially different" subpoena Arugu served on Freedom compared to the one he had noticed two weeks earlier. Luther demanded that Arugu withdraw the subpoena. Arugu responded to Luther's email stating that the modified subpoena was not materially and substantially different than the noticed one, and he asked Luther for a clarification of the rules and to support his position in respect to the subpoena. Arugu did not contact Freedom to withdraw the modified subpoena, and Freedom ultimately produced some records in response to the subpoena.

In an order dated September 25, 2020, the circuit court later found that Arugu had improperly sent a subpoena to Freedom that was a different version of the one he provided notice of.

The referee found that because Arugu failed to provide notice that he was seeking the additional records in the subpoena, he failed to give interested parties who were served with the subpoena an opportunity to object to the production of the additional records.

The referee recommends that Arugu be found guilty of violating Bar Rules 3-4.3 (Misconduct and Minor Misconduct); 4-3.4(a) (a lawyer must not unlawfully obstruct another party's evidence or otherwise unlawfully alter, destroy, or conceal a document or other material that the lawyer knows or reasonably should know is relevant to a pending or a reasonably foreseeable proceeding); 4-3.4(c) (a lawyer must not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists); 4-3.4(d) (a lawyer must not make a frivolous discovery request or intentionally fail to comply with a legally proper discovery request by an opposing party); 4-4.1(a) (in the course of representing a client, a lawyer must not make a false statement of material fact or law to a third person);

4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and 4-8.4(d) (a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice).

The referee recommends that Arugu be suspended from the practice of law for sixty days and that he be assessed the Bar's costs. Both Arugu and the Bar filed notices of intent to seek review of the referee's report. Arugu challenges the recommendation that he be found guilty of violating Bar Rules 4-3.4, 4-4.1, and 4-8.4(c), as well as the recommended sanction. The Bar challenges the recommended sanction.

## ANALYSIS

### A. The Referee's Recommendation as to Guilt

First, Arugu challenges the referee's findings of fact and recommendations of guilt as to Bar Rules 4-3.4, 4-4.1, and 4-8.4(c). If a referee's findings of fact are supported by competent, substantial evidence in the record, this Court will not reweigh the evidence and substitute its judgment for that of the referee. *Fla. Bar v. Gwynn*, 94 So. 3d 425, 428 (Fla. 2012); *see Fla. Bar v. Barrett*, 897 So. 2d 1269, 1275 (Fla. 2005). The referee's factual

- 5 -

findings must be sufficient under the applicable rules to support the recommendations regarding guilt. *See Fla. Bar v. Shoureas*, 913 So. 2d 554, 557-58 (Fla. 2005); *Fla. Bar v. Spear*, 887 So. 2d 1242, 1245 (Fla. 2004). The party challenging the referee's finding of fact and recommendations as to guilt has the burden to demonstrate "that there is no evidence in the record to support those findings or that the record evidence clearly contradicts the conclusions." *Fla. Bar v. Germain*, 957 So. 2d 613, 620 (Fla. 2007).

*Bar Rule 4-3.4(a)*

Under Bar Rule 4-3.4(a), a lawyer must not "unlawfully obstruct another party's access to evidence or otherwise unlawfully alter, destroy, or conceal a document or other material that the lawyer knows or reasonably should know is relevant to a pending or a reasonably foreseeable proceeding; nor counsel or assist another person to do any such act." R. Regulating Fla. Bar 4-3.4(a). The referee made no findings that Arugu obstructed others' access to evidence; unlawfully modified, destroyed, or concealed a document or other material; or that he counseled or assisted another person to do any such act. There are thus insufficient findings to support the referee's recommendation that Arugu be found guilty of violating

rule 4-3.4(a).  *See Shoureas*, 913 So. 2d at 557-58.  Accordingly, we disapprove the referee's recommendation of guilt as to Bar Rule 4-3.4(a).

*Bar Rule 4-3.4(c)*

Bar Rule 4-3.4(c) states that a lawyer must not "knowingly disobey an obligation under the rules of a tribunal."  R. Regulating Fla. Bar 4-3.4(c).  Under Florida Family Law Rule of Procedure 12.351(a) (Production of Documents and Things Without Deposition), a party may seek the production of documents and things from a nonparty by issuance of a subpoena.  The party desiring the production must serve all other parties with notice of the intent to serve the subpoena, and the proposed subpoena must be attached to the notice.  *See* Fla. Fam. L. R. P. 12.351(b).  If no objection is made, the issued subpoena must be "identical" to the proposed subpoena attached to the notice.  *See* Fla. Fam. L. R. P. 12.351(c).  Here, the record clearly supports the referee's finding, and Arugu does not dispute, that the subpoena he served on Freedom was different from the one he attached to his notice of intent to serve the subpoena.  Arugu explained that after the ten-day period for objecting to the proposed subpoena expired, he

realized that he had failed to include certain records in the proposed subpoena and decided to include them in the subpoena he was about to serve on Freedom, nonetheless. We find that in knowingly serving Freedom with a different subpoena than the one attached to the notice served on the other parties, Arugu knowingly flouted an obligation under the rules of a tribunal, in violation of Bar Rule 4-3.4(c).

*Bar Rule 4-3.4(d)*

Bar Rule 4-3.4(d) states that a lawyer must not "in pretrial procedure, make a frivolous discovery request or intentionally fail to comply with a legally proper discovery request by an opposing party." R. Regulating Fla. Bar 4-3.4(d). In *Florida Bar v. Broida*, 574 So. 2d 83 (Fla. 1991), we found that the respondent, who among other things filed a subpoena requesting records previously requested and objected to, violated Bar Rule 4-3.4(d) and others.

Here, Arugu testified that he did not actually send the modified subpoena to Freedom until after Luther advised him of his objection. In fact, Luther requested that Arugu not serve the modified subpoena if he had not yet done so, or that he contact Freedom to advise it that the subpoena was withdrawn. Arugu

- 8 -

declined to do both.  Arugu also could have filed an amended notice of intent to serve subpoena, with the amended subpoena attached, and waited ten additional days before he served the modified subpoena.  He chose not to.  Arugu proceeded to serve the modified subpoena despite the known objection and without advising Freedom of the objection.  We find that knowingly serving a subpoena on Freedom seeking items for which he did not provide proper notice to the other parties, and which he knew opposing counsel objected to, without first having the court resolve the issue constituted a frivolous discovery request.  We find the record supports the referee's finding of fact and that such findings are sufficient to support the recommendation that Arugu violated Bar Rule 4.3.4(d).

*Bar Rules 4-4.1 and 4-8.4(c)*

Bar Rule 4-4.1 states that in the course of representing a client, a lawyer shall not knowingly "make a false statement of material fact or law to a third person."  R. Regulating Fla. Bar 4-4.1(a).  Partially true but misleading statements as well as omissions can constitute a misrepresentation, in violation of Bar Rule 4-4.1.  *See* R. Regulating Fla. Bar 4-4.1, cmt; *Fla. Bar v. Scott,*

- 9 -

39 So. 3d 309, 317 (Fla. 2010) (finding the respondent's failure to tell a third party about several pieces of information violated Bar Rule 4-4.1(a) even though the withheld information "was public and nonconfidential"). Similarly, Bar Rule 4-8.4(c) states that a lawyer shall "not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." R. Regulating Fla. Bar 4-8.4(c).

Here, the evidence shows that after Arugu filed a copy of the modified subpoena, Luther emailed Arugu, objecting to the subpoena on grounds that it was materially and substantially different from the version that Arugu had filed on May 13, 2020, and requesting that Arugu not serve the modified subpoena, if he had not done so, or that he contact Freedom to withdraw the subpoena. Under Family Law Rule of Procedure 12.351(b), when a party gives notice of a request for the production of records and things and another party serves an objection to the production within ten days of service of the notice, the records or things must not be produced pending resolution of the objection. Instead, however, Arugu proceeded to serve the modified subpoena despite being aware of the objection. The modified subpoena was delivered on June 4, 2020, less than ten days after Arugu filed a copy of the

- 10 -

modified subpoena with the circuit court. He failed to inform Freedom of Luther's objection, thereby misrepresenting to Freedom that it was required to produce all records listed on the subpoena. As a result, Freedom produced many of the requested documents.

Arugu argues he did not engage in intentional misconduct. However, the intent element can be satisfied merely by showing that the conduct was deliberate or knowing. *See Fla. Bar v. Head*, 27 So. 3d 1, 9 (Fla. 2010). Clearly, Arugu was aware that the modified subpoena was substantially different from the one attached to his notice. He was also aware of the objection to the modified subpoena before he actually served the subpoena. Therefore, we find that the record clearly supports a finding that Arugu knowingly engaged in dishonest and deceitful conduct in violation of rules 4-4.1 and 4-8.4(c).

Accordingly, we approve the referee's findings of fact and recommendations of guilt, except as to Bar Rule 4-3.4(a), which we disapprove.

## B. Discipline

We now turn to the referee's recommended discipline, a sixty-day suspension. In reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is this Court's responsibility to order the appropriate sanction. *See Fla. Bar v. Picon*, 205 So. 3d 759, 765 (Fla. 2016); *Fla. Bar v. Anderson*, 538 So. 2d 852, 854 (Fla. 1989); *see also* art. V, § 15, Fla. Const.

The referee recommended a sixty-day suspension, finding that Arugu's conduct was not as egregious as in other cases relied on by the Bar, including *Florida Bar v. Berthiaume*, 78 So. 3d 503 (Fla. 2011). We agree with the referee that a suspension is the appropriate sanction in this case. *See* Fla. Stds. Imposing Law. Sancs. 6.2(b) ("Suspension is appropriate when a lawyer knowingly violates a court order or rule and causes injury or potential injury to client or a party or causes interference or potential interference with a legal proceeding."); 7.1(b) ("Suspension is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). Arugu knowingly served

Freedom with a modified version of the subpoena that he had filed with the circuit court, even after Luther advised him that he should not do so.  As a result, interested parties did not have the opportunity to object to the production of the additional records, which Freedom ultimately produced in response to the modified subpoena.  However, we disagree with the referee's conclusion that Arugu's conduct was not sufficiently egregious to warrant a more severe sanction.

In *Berthiaume*, the respondent was suspended for ninety-one days for violating Bar Rules 4-8.4(c) and 4-8.4(d) after she served a fraudulent subpoena on a bank, outside the context of litigation and without legal authority, in an effort to conduct her own personal investigation into a client's private finances.  78 So. 3d at 511.  We noted then that such dishonest conduct "demonstrates the utmost disrespect for the court and is destructive to the legal system as a whole."  *Id.* at 510.

While Arugu issued his subpoena in the context of an ongoing litigation, his conduct is just as egregious as that at issue in *Berthiaume.*  Arugu served the modified subpoena on Freedom even though opposing counsel advised him that doing so was improper

and asked him to not serve the modified subpoena. Arugu claims he served the modified subpoena despite the objection because opposing counsel did not give a basis for the objection. However, Arugu, who was admitted to the Bar in 1995, could have conducted his own research to determine whether he was in compliance with the rules of procedure. Instead, he knowingly disregarded the objection and served the subpoena on Freedom with no mention of the objection. We conclude that Arugu's dishonest behavior warrants a ninety-one-day suspension; it demonstrates disrespect for the court and is destructive to the legal system as a whole.

## CONCLUSION

Accordingly, we approve the referee's findings of fact and recommendations as to guilt, except for the recommendation that Arugu be found guilty of violating Bar Rule 4-3.4(a), which we disapprove. We disapprove the referee's recommended sanction and instead suspend Arugu from the practice of law for ninety-one days. The suspension will be effective thirty days from the filing of this opinion so that Arugu can close out his practice and protect the interests of existing clients. If Arugu notifies this Court in writing that he is no longer practicing and does not need the thirty

- 14 -

days to protect existing clients, this Court will enter an order making the suspension effective immediately. Arugu shall fully comply with Rule Regulating The Florida Bar 3-5.1(h). Arugu shall also fully comply with Rule Regulating The Florida Bar 3-6.1, if applicable. In addition, Arugu shall accept no new business from the date this opinion is filed until he is reinstated. Arugu is further directed to comply with all other terms and conditions of the report.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Odiator Arugu in the amount of $3,098.57, for which sum let execution issue.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, and GROSSHANS, JJ., concur.
FRANCIS, J., did not participate.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS SUSPENSION.

Original Proceeding – The Florida Bar

Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, Patricia Ann Toro Savitz, Staff Counsel, The Florida Bar, Tallahassee, Florida, and Daniel James Quinn, Bar Counsel, The Florida Bar, Orlando, Florida; and Tiffany A. Roddenberry, Kevin W. Cox, and Kathryn Isted of Holland & Knight LLP, Tallahassee, Florida,

for Complainant

Barry W. Rigby of Law Offices of Barry Rigby, P.A., Winter Park, Florida,

for Respondent