PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar, report of the referee, and petition for review filed by Terrence E. Rosenberg. The referee finds that respondent neglected a legal matter entrusted to him in violation of Disciplinary Rule 6-101(A)(3) and that respondent engaged in conduct that adversely reflects on his fitness to practice law in violation of Disciplinary Rule 1-102(A)(6). The referee recommends that respondent be suspended from practicing law for a period of 90 days. Respondent seeks review of the referee’s findings and recommendations. We find that the referee’s findings are supported by the record and approve his recommendations as to guilt and discipline.
The referee found that on or about October 21, 1975, respondent agreed to represent an out-of-state client in a lawsuit concerning the purchase of defective merchandise. Despite repeated inquiries concerning the status of the case, respondent failed to respond to the client’s inquiries for approximately ten months. The client also made numerous requests of the respondent to send copies of the defendant’s interrogatories, request for admissions, and other pleadings which were not timely attended to by the respondent; Consequently, the original suit was dismissed due to lack of prosecution. Although a new complaint was filed, the case was again dismissed due to lack of prosecution. The referee found that respondent neglected his case in violation of Disciplinary Rule 6-101(A)(3).
The referee also found that on February 2, 1981, respondent was convicted by the Dade County Court of five misdemeanors for violating chapter 17B, section 22 of the City of Miami Beach Code, pertaining to the failure to comply with minimum housing standards and was sentenced to time in the county jail, and found that respondent appealed his conviction to the circuit court which affirmed the conviction. The referee found that these violations adversely reflect on his fitness to practice law.
*1176 The referee recommends that respondent be suspended from practicing law for 90 days. After examining the record, the referee’s report, and in light of respondent’s past disciplinary record, we approve the referee’s recommendation that the appropriate discipline is a 90-day suspension. Rosenberg’s suspension shall be effective September 16, 1985, thereby giving him thirty days to close out his practice and take the steps necessary to protect his present clients, and he shall not accept any new business. Judgment for costs in the amount of $2,084.12 is hereby entered against respondent, for which sum let execution issue. This suspension shall not be lifted until such costs have been paid or arrangements satisfactory to The Florida Bar have been made.
It is so ordered.
ADKINS, OVERTON, ALDERMAN, MCDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., concurs in part and dissents in part with an opinion.