PER CURIAM.
The Florida Bar petitions the Court for approval of the respondent attorney’s conditional guilty plea for a consent judgment. The plea was filed pursuant to Rule 3-7.-8(a) of the Rules Regulating The Florida Bar.
In his plea respondent states that he neglected legal matters entrusted to him by clients. He describes five separate instances of failure to carry out agreements for professional services. Respondent admits that his misconduct in these matters *666 constituted violations of the following Disciplinary Rules of the former Florida Bar Code of Professional Responsibility: D.R. 1-102(A)(1) (violation of a disciplinary rule); D.R. 1-102(A)(6) (conduct adversely reflecting on fitness to practice law); D.R. 6-101(A)(3) (neglecting a legal matter); D.R. 7-101(A)(l) (failure to seek the lawful objectives of a client); and D.R. 7-101(A)(2) (failure to carry out a contract of employment with a client). In one of the instances, respondent admits to a violation of D.R. 9-102(B)(4) (failure to promptly deliver funds or property as requested).
The respondent’s plea states that the factual background and underlying causes of his misconduct are the same as were described in this Court’s opinion in The Florida Bar v. Sommers, 508 So.2d 341 (Fla.1987). In that proceeding, respondent was found guilty on several counts of neglecting clients’ cases and was subjected to certain specified disciplinary measures. The consent judgment in the instant case, approved by The Florida Bar, provides for a suspension from the practice of law for ninety days, to commence retroactively and run concurrently with the suspension ordered in the earlier proceeding. In addition, respondent is to be placed on probation for three years, to run concurrently with and under the same terms and conditions as the probation imposed in the earlier proceeding.
We accept respondent’s plea and approve the consent judgment. Respondent shall be suspended from the practice of law for ninety days, with retroactive effect, allowing the suspension to run concurrently with the suspension previously imposed. Respondent is placed on probation for three years to run concurrently with and under the same conditions as the probation previously ordered.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ„ concur.