689 So.2d 1049 (1997)
THE FLORIDA BAR, Complainant,
v.
Keith F. ROBERTS, Respondent.
No. 86975.
Supreme Court of Florida.
February 27, 1997.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Joseph A. Corsmeier, Assistant Staff Counsel, Tampa, for Complainant.
Keith F. Roberts, Tampa, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Keith F. Roberts. We have jurisdiction. Art. V, § 15, Fla. Const.
A complaint about Roberts' handling of an estate was filed with The Florida Bar on September 30, 1994. A disciplinary hearing was conducted February 22, 1996, and the referee's report was filed with this Court March 8, 1996. Because the referee had *1050 previously granted a motion for default filed by the Bar, the allegations in the complaint were deemed proven and were adopted by the referee.
Roberts represented his client, Theresa Barbarino, as personal representative of her deceased son's estate beginning in 1990. On November 2, 1993, the Hillsborough County Office of the Clerk of the Circuit Court informed Roberts that there had been no final accounting or order of discharge by the December 13, 1991 due date, nor were there any orders extending the time for filing. Roberts was allowed until December 29, 1993 to comply to avoid an order to show cause. On February 15, 1994, the probate judge ordered Roberts to appear on March 18, 1994 and show cause why he had not filed the final accounting or petitioned for discharge. A copy of the order was sent to Barbarino at her former address (the home had been sold prior to that date).
On March 18, Roberts informed Barbarino that the estate account had been closed and the $11,626.57 balance had been distributed: $7,569.53 to NationsBank for a car loan claim, $1,200 in attorney fees, and the remaining $2,857.04 to Barbarino. The same day, Roberts filed a petition for discharge, statement regarding creditors, schedule of creditors, waiver of personal representative's fee, report of distribution (all signed in early 1993 by Barbarino as personal representative), and a waiver of accounting. The waiver of accounting had been signed by the deceased's father: the other potential beneficiary of the estate.
The show cause hearing was continued until April 22, 1994, to allow Roberts to complete the administration. A copy of the order was sent to Barbarino, again at the outdated address. Roberts was aware that Barbarino had moved to Maryland but did not advise her of the hearing or advise the clerk of her new address. An attorney from Maryland contacted Roberts on behalf of Barbarino questioning the distribution of estate funds, including the payment of creditors' claims before Barbarino's expenses as personal representative. The attorney requested copies of all bank statements and court documents related to the estate. Roberts replied that the disbursement was in error, that Barbarino was entitled to more complete compensation, and that he had been in contact with a NationsBank attorney about the "mistake." He added that he would adjust his own fees to avoid prejudice to Barbarino.
A show cause hearing was held April 22, 1994, but Roberts failed to tell either Barbarino or her attorney, so neither was present. The judge dismissed the matter without prejudice. Roberts did not tell the judge Barbarino's new address or that she did not know about the hearing.
On May 5, 1994, a NationsBank attorney (Wilson) requested documentation related to funeral expenses and estate administration costs as well as information about the house sale and the HUD-1 settlement statement. On July 6, Roberts wrote and tried to secure funds improperly disbursed to NationsBank; he also claimed that his attorney's fee was $1500 (he had previously claimed $1200). Roberts wrote again July 26, enclosing a copy of the inventory and stating that the $10,000 listed for personal property had been a rough guess which included anticipated equity in the car, which equity later proved to be nonexistent. Roberts said he would interplead NationsBank if he was sued by the personal representative. However, Roberts should have known that the amount regarding the car was erroneous when he filed the inventory, since the car was sold earlier than when he filed the inventory. Barbarino's new attorney filed a complaint with the Bar.
Roberts acknowledged that the funds were improperly disbursed. He said that his intention was to file suit against NationsBank for recovery of the money. Roberts has not taken action to secure the return of the money.
The referee recommends Roberts be found guilty of violating rules 4-1.1 (competence), 4-1.3 (diligence), 4-1.4(a) and (b) (communication), 4-3.2 (failure to expedite litigation), and 4-8.4(a) (violate or attempt to violate a disciplinary rule). He recommends public reprimand and restitution within thirty days in the amount of $9000 to Barbarino. He also recommends three years' probation with *1051 three conditions: 1) Roberts should undergo a procedures and record-keeping analysis by the Bar's Law Office Management Advisory Service, including compliance with recommendations at his own expense; 2) he should obtain co-counsel approved by the Bar before taking any probate, trust, or estate matters; and 3) he should provide sworn quarterly reports listing clients and the nature and status of the representation.
The referee considered year of birth (1951), date admitted (July 14, 1977), and lack of any prior convictions or disciplinary measures imposed. In aggravation, the referee considered failure to comply with rules or orders in the proceedings, victim's vulnerability, and indifference toward restitution. In mitigation, the referee considered absence of prior disciplinary record and personal or emotional problems. The referee found a total of $1,437.84 in costs to be taxed to Roberts.
We agree with the referee's findings of guilt, and find sufficient evidence to support those findings. However, a reprimand is clearly too little in this case. While we do agree with the referee's recommendation of a three-year probation accompanied by the conditions he set out, and we agree Roberts should be ordered to pay the $9000 in restitution to Barbarino, we feel that the conduct also merits a ninety-day suspension.
Failing to represent one's client zealously, failing to communicate effectively with one's client, and failing to provide competent representation are all serious deficiencies, even when there is no evidence of intentional misrepresentation or fraud. See, e.g., Florida Bar v. Sommers, 513 So.2d 665 (Fla.1987) (neglect of legal matters and failure to promptly deliver funds or property as requested warrants ninety-day suspension and three-year probation); Florida Bar v. Rosenberg, 474 So.2d 1175 (Fla.1985) (neglecting a legal matter warrants ninety-day suspension).
Although we find that this is the appropriate discipline, we recognize that Roberts may not be able to pay the restitution within that time period. Therefore, although a ninety-day suspension normally carries with it automatic reinstatement, we condition that reinstatement in this case on restitution being completed, including the $1,437.84 in costs. If the restitution is not paid within ninety days, the suspension will continue until such time as restitution and costs are paid.
Roberts is hereby suspended for a period of ninety days, and thereafter until he makes full restitution in the amount of $9000 to Barbarino. Roberts shall be placed on probation for a period of three years, with the following conditions: 1) At his own expense, Roberts shall undergo an Office Procedures and Records Keeping Analysis under the direction of the Law Office Management Advisory Service of The Florida Bar ("LOMAS") and shall implement the recommendations made by LOMAS. At minimum, the analysis shall consist of an initial review within thirty days of this opinion and a final review prior to termination of the discipline imposed confirming compliance with the LOMAS recommendations; 2) Roberts shall obtain Bar-approved co-counsel before undertaking legal representation in any probate, trust, or estate matter; and 3) Roberts shall provide sworn quarterly reports listing pending clients and the nature and status of the representation. The suspension will be effective thirty days from the filing of this opinion so that Roberts can close out his practice and protect the interests of existing clients. If Roberts notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Roberts shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment for costs in the amount of $1,437.84 is entered against respondent, for which sum let execution issue.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.