# Supreme Court of Florida

_____

No. SC15-385
_____

**THE FLORIDA BAR,**
Complainant,

vs.

**JEAN M. PICON,**
Respondent.

[December 8, 2016]

PER CURIAM.

We have for review a referee's report recommending that respondent, Jean M. Picon, be found guilty of professional misconduct in violation of the Rules Regulating the Florida Bar (Bar Rules) and suspended from the practice of law for ninety-one days. Picon has petitioned for review, challenging the sufficiency of the referee's report, the referee's recommendations as to guilt, and the referee's recommended discipline. We have jurisdiction. See art. V, § 15, Fla. Const. For the reasons that follow, we reject Picon's challenges to the sufficiency of the referee's report and approve the referee's findings of fact and recommendations of guilt. However, we disapprove the referee's recommended discipline as too lenient

in light of the number of acts of client neglect committed by Picon and her prior disciplinary record. We instead impose a one-year suspension from the practice of law.

## I. FACTS

In February 2015, The Florida Bar filed a complaint against Picon alleging that she, as counsel of record in three separate criminal cases, engaged in misconduct in violation of several Bar Rules. A referee was appointed to consider the Bar's complaint. After conducting a hearing on both guilt and discipline, the referee submitted a report for the Court's review, in which he made the following findings and recommendations.

In State v. Smith, Picon, as counsel of record for the defendant, repeatedly failed to timely appear for court proceedings before Judge Charles Roberts. On one specific occasion, Judge Roberts directed the parties in the case to return to court at a specific time to address matters outside the presence of the jury. Picon failed to abide by Judge Roberts' explicit instructions and returned to court tardy. She also disregarded explicit instructions from Judge Roberts to file a pretrial motion by a specific date before the commencement of trial. She instead filed the motion at three o'clock in the morning the day trial was scheduled to commence. Picon acknowledged in her testimony before the referee that she knew she was not in compliance with Judge Roberts' directive when she filed the motion.

Picon's conduct in the Smith case ultimately resulted in Judge Roberts initiating contempt proceedings against her. During those proceedings, Judge Roberts stated:

> I can no longer tolerate this. It is impacting my ability to function as a judge in this division. It impacts my ability to service all the defense attorneys out there and their clients. It impacts witnesses and now a venire.

Adjudication was withheld by Judge Roberts in the contempt proceedings and Picon was ordered to pay a $250 fine, perform twenty-five hours of community service, and write a letter of apology to every judge and judicial assistant in the criminal division. The Fifth District Court of Appeal affirmed the contempt order. Picon v. State, 149 So. 3d 35 (Fla. 5th DCA 2014) (table).

In State v. Jennings, Picon represented a defendant in a criminal proceeding before Judge David Dugan. On November 26, 2013, Respondent failed to attend a scheduled hearing with her client, resulting in the issuance of a bench warrant and the incarceration of her client for five days. The hearing had been scheduled at the court's direction and a notice to appear had been served on Picon. Picon was also notified of the hearing date and time via e-mail from the prosecuting attorney. Picon, however, failed to add the hearing date and time to her calendar or read the e-mail from the prosecuting attorney.

In State v. Richardson, Picon, as counsel of record for the defendant, knowingly appeared for a hearing on December 19, 2013, before Judge Stephen

Koons on her client's motion to modify probation without her client and at a time other than that provided by the court in the notice to appear. Judge Koons, nevertheless, proceeded with the hearing. During the hearing, Picon presented incorrect information regarding her client's compliance with the terms and conditions of her probation, resulting in the denial of the motion. Later that same day, Picon's client appeared before Judge Koons at the time stated in the notice to appear. At that point, several unsuccessful attempts were made to ascertain Picon's whereabouts and determine whether she would be attending the hearing at the scheduled time. Judge Koons ultimately permitted Picon's client to proceed pro se and, upon consideration of the documentation presented by Picon's client, granted the relief sought in her motion.

The referee also found that Picon frequently failed to notify the court and opposing counsel of conflicts in her schedule. Opposing counsel often attempted to reach Picon by phone to ascertain her whereabouts and whether or not she planned to attend a scheduled hearing. Such attempts, however, were often unsuccessful and voicemail messages could not be left for Picon because her inbox was routinely full. Also, judicial assistants and other court personnel would often go to great lengths to determine Picon's whereabouts and whether she would be attending a hearing. Such lengths included court deputies utilizing the intercom

system to contact each other in an attempt to ascertain Picon's whereabouts and whether she would be attending a hearing.

On these facts, the referee recommended that Picon be found guilty of violating Bar Rules 4-1.1 ("A lawyer shall provide competent representation to a client."); 4-1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."); 4-3.4(c) ("A lawyer must not knowingly disobey an obligation under the rule of a tribunal. . ."); and 4-8.4(d) ("A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice…").

The referee found five aggravating factors: Picon engaged in a pattern of misconduct; committed multiple offenses; had substantial experience in the practice of law; harmed vulnerable victims; and had a prior disciplinary record that included a ten-day suspension for failing to timely appear for court proceedings, a thirty-day suspension for failing to comply with this Court's suspension order, and a public reprimand for failing to timely respond to inquiries from the Bar. The referee also found four mitigating factors: Picon lacked a dishonest or selfish motive; had personal or emotional problems; other penalties and sanctions had been imposed against her; and Picon expressed remorse for her conduct. As a sanction, the referee recommended that Picon be suspended from the practice of

law for ninety-one days. He also recommended that costs be awarded to the Bar in the amount of $6,699.01.

Picon filed a notice of intent to seek review of the report of referee, challenging the proceedings before the referee and the sufficiency of the referee's report, the referee's recommendations as to guilt, and the referee's recommended discipline. On June 30, 2016, we issued an order directing Picon to show cause why the referee's recommended discipline should not be disapproved and a more severe sanction be imposed. The order also provided that, on the Court's own motion, Picon was suspended "until further order of this Court."

## II. ANALYSIS

### Sufficiency of the Referee's Report

We first address several challenges by Picon to the sufficiency of the referee's report. Picon argues that the report of referee in this case does not reflect the referee's independent judgment and that the referee merely adopted the Bar's proposed report of referee verbatim. As a general rule, a referee's findings and recommendations must demonstrate independent decision-making. A referee is not precluded, however, from adopting one party's proposed report of referee if the record reflects that the referee exercised independent decision-making in doing so. See Fla. Bar v. Barrett, 897 So. 2d 1269, 1273 (Fla. 2005); Fla. Bar v. Cramer, 678 So. 2d 1278, 1279 (Fla. 1996).

We are convinced by our review of the record in this case that the referee exercised independent decision-making in making his findings and recommendations. Both Picon and the Bar were given the opportunity to present arguments at the end of the disciplinary hearing on what findings should be made and what sanction, if any, was appropriate. After hearing argument from Picon and the Bar, the referee informed the parties that he planned to seek an extension of time to file his report in order to "give [the] case a hard review." His willingness to listen to the parties' arguments and desire to give the case a "hard review" indicate that the referee did not blindly adopt the Bar's proposed report of referee in this case. Such acts indicate that the referee distilled the evidence and arguments presented to him, and exercised independent decision-making in deciding whether to adopt the Bar's proposed report of referee.

Picon also argues that the referee failed to state on the record what specific findings and recommendations he intended to make in the report of referee, and that the findings and recommendations contained in the report of referee do not comport with statements made by the referee during the disciplinary hearing. There is no requirement in Bar discipline cases that a referee state on the record what findings and recommendations he or she intends to make in the report of referee. The only place a referee is required to set out his or her findings and recommendations is within the report of referee that is submitted to this Court. <u>See</u>

R. Regulating Fla. Bar 3-7.6(m). The report, and the findings and recommendations contained therein, are not required to comport with any statements made by the referee during a disciplinary hearing.

Lastly, Picon contends that the referee did not provide her with an opportunity to respond to argument from the Bar regarding her prior disciplinary record or the Bar's proposed report of referee, that the Bar's arguments to the referee regarding her prior disciplinary record violated Bar Rule 3-7.6(m)(1)(D), and that the referee was not adequately familiar with the Bar discipline process. Picon had ample opportunity to present each of these arguments to the referee, but failed to do so. As a result, she has failed to preserve these issues for review in this Court. See Fla. Bar v. Miller, 863 So. 2d 231, 236 (Fla. 2003) (claims not first raised in the proceedings before the referee were waived by respondent).

**The Referee's Findings of Fact and Recommendations of Guilt**

We next address the referee's findings of fact and recommendation that Picon be found guilty of violating Bar Rules 4-1.1, 4-1.3, 4-3.4(c), and 4-8.4(d). This Court's review of a referee's findings of fact is limited. If a referee's findings of fact are supported by competent, substantial evidence in the record, this Court will not reweigh the evidence and substitute its judgment for that of the referee. Fla. Bar v. Frederick, 756 So. 2d 79, 86 (Fla. 2000); see also Fla. Bar v. Jordan, 705 So. 2d 1387, 1390 (Fla. 1998). Also, a referee's factual findings must be

sufficient under the applicable rules to support the recommendations as to guilt. See Fla. Bar v. Shoureas, 913 So. 2d 554, 557-58 (Fla. 2005).

In the present case, neither party contests the referee's factual findings or the referee's recommendation that Picon be found guilty of violating Bar Rules 4-1.3 and 4-8.4(d). Having reviewed the record in this case, we conclude that the referee's factual findings are supported by competent, substantial evidence, and that such findings support the referee's recommendation that Picon be found guilty of violating Bar Rules 4-1.3 and 4-8.4(d). We therefore approve the referee's findings of fact and recommendation of guilt as to Bar Rules 4-1.3 and 4-8.4(d).

Picon does challenge the referee's recommendation that she be found guilty of violating Bar Rules 4-1.1 and 4-3.4(c). Picon first urges the Court to disapprove the referee's recommendation of guilt as to Bar Rule 4-1.1, which requires that a lawyer provide competent representation to a client. Competent representation is defined by the rule as having the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation. R. Regulating Fla. Bar 4-1.1. The referee found that Picon appeared for court proceedings in the Smith, Jennings, and Richardson cases either late, at a time other than provided by the court, or not at all. Her failure to timely attend to her client's cases disrupted proceedings in the Smith case, resulted in the issuance of a bench warrant in the Jennings case, and the presentation of incorrect information to the court in the

Richardson case. Picon argues that her conduct in the Smith, Jennings, and Richardson cases does not constitute a violation of Bar Rule 4-1.1 and that she provided her clients with competent legal representation. This Court, however, has not taken such a narrow view of competence, and has recognized that demonstrated neglect of key client matters constitutes a violation of Bar Rule 4-1.1. See Shoureas, 913 So. 2d at 557-58 (failure to respond to client inquiries and attend to client matters violated Bar Rule 4-1.1); Fla. Bar v. Centurion, 801 So. 2d 858, 860 (Fla. 2000) (failure to attend to client matters and comply with a court order violated Bar Rule 4-1.1). Accordingly, we approve the referee's recommendation that Picon be found guilty of violating Bar Rule 4-1.1.

Picon also urges the Court to disapprove the referee's recommendation of guilt as to Bar Rule 4-3.4(c). The rule prohibits a lawyer from knowingly disobeying an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists. R. Regulating Fla. Bar 4-3.4(c). The referee found that Picon disregarded a direct order from Judge Roberts to file a pretrial motion before the commencement of trial and disobeyed a directive from the court to appear at a proceeding in the Jennings case. Picon claims that these acts were done unintentionally and not "knowingly," as required by Bar Rule 4-3.4(c). The Rules of Professional Conduct provide that

" '[k]nowingly,' 'known,' or 'knows' denotes actual knowledge of the fact in question." See Preamble: A Lawyer's Responsibilities, Rules of Professional Conduct; see also Fla. Bar v. Committe, 136 So. 3d 1111, 1115 (Fla. 2014). Picon clearly had knowledge of Judge Roberts' order and admitted in the proceedings before the referee that she knew she was not in compliance with it when she filed the motion at three o'clock in the morning the day trial was to commence. Picon also clearly had knowledge of when the proceedings in the Jennings case were scheduled to occur, having received court documents and e-mails containing the date and time of the hearing. Accordingly, we approve the referee's recommendation that Picon be found guilty of violating Bar Rule 4-3.4(c).

**The Referee's Recommended Discipline**

Lastly, we address the referee's recommended discipline, a ninety-one day suspension. In reviewing a referee's recommended discipline, the Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is the Court's responsibility to order the appropriate sanction. See Fla. Bar v. Anderson, 538 So. 2d 852, 854 (Fla. 1989); see also art. V, § 15, Fla. Const. At the same time, the Court will generally not second-guess the referee's recommended discipline, as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. See Fla. Bar v. Temmer, 753 So. 2d 555, 558 (Fla. 1999).

We agree with the referee that Picon's misconduct clearly warrants a suspension. See Fla. Stds. Imposing Law. Sancs. 4.42 (suspension is appropriate when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client" or "engages in a pattern of neglect and causes injury or potential injury to a client"); Fla. Stds. Imposing Law. Sancs. 6.22 (suspension is appropriate when "a lawyer knowingly violates a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding"). However, considering the multiple acts of client neglect committed by Picon, the harm caused to her clients, and her extensive prior disciplinary record, we believe that a ninety-one day suspension is not appropriate and that a more severe sanction is warranted. We find that the appropriate sanction for Picon's misconduct is a one-year suspension from the practice of law.

Picon's acts of client neglect in this case are part of a pattern of client neglect and mismanagement that Picon has engaged in for several years. To date, Picon has been disciplined by this Court for engaging in comparable misconduct in three other cases. In 2008, Picon was suspended for ten days and placed on probation for two years for her failure to timely appear for court proceedings. Fla. Bar v. Picon, 975 So. 2d 430 (Fla. 2008) (table). Picon was again suspended in 2011 for thirty days for her failure to comply with this Court's 2008 suspension

- 12 -

order.  Fla. Bar v. Picon, 61 So. 3d 1114 (Fla. 2011) (table).  In 2013, Picon was publicly reprimanded for her failure to timely respond to inquiries from the Bar.  Fla. Bar v. Picon, 129 So. 3d 1070 (Fla. 2013) (table).  This Court has long held that "cumulative misconduct of a similar nature warrants an even more severe discipline than might dissimilar conduct."  Fla. Bar v. Walkden, 950 So. 2d 407, 410 (Fla. 2007).

Further, we have previously imposed long-term rehabilitative suspensions in cases where an attorney has committed multiple acts of client neglect.  Notably, in Fla. Bar v. Cimbler, 840 So. 2d 955 (Fla. 2002), we suspended an attorney with a prior disciplinary record for one-year for his negligent representation of three separate clients.  The attorney failed to timely record a deed and pay fees associated with a real estate transaction on behalf of one client, failed to appear at multiple hearings on behalf of another client, and failed to inform a third client that he was required to appear at a deposition.  Id. at 956-58.  The Court disapproved the referee's recommended ninety-one day suspension, finding that the seriousness of the acts of neglect, the cumulative nature of the misconduct, and the attorney's prior discipline history warranted a lengthier suspension.  Id. at 959.  In doing so, we stated "[f]ailing to represent one's client zealously, failing to communicate effectively with one's client, and failing to provide competent representation are all serious deficiencies."  Id. at 960 (quoting Fla. Bar v. Roberts, 689 So. 2d 1049,

1051 (Fla. 1997); see also Shoureas, 892 So. 2d at 1009 (citing multiple cases where the Court imposed a lengthy suspension for client neglect).

Moreover, Picon's misconduct is particularly egregious in that it resulted in a bench warrant being issued in the Jennings case for her client and her client's incarceration for several days. In Fla. Bar v. Gass, 153 So. 3d 886 (Fla. 2014), an attorney, among other things, advised his clients to not comply with a subpoena to attend a deposition, failed to attend a scheduled deposition and court hearing on behalf of his clients, and failed to inform his clients that an order directing them to show cause why they should not be held in contempt had been issued. Id. at 888-90. The attorney's misconduct ultimately resulted in a bench warrant being issued for his clients and the incarceration of his clients for three days. Id. The Court disapproved the referee's recommended sixty-day suspension and, noting the particularly egregious nature of the attorney's misconduct, imposed a one-year suspension. Id. at 892-93.

We have also considered the referee's findings in aggravation and mitigation, which we approve without further discussion. While we commend Picon's showing of remorse, we conclude that the evidence of mitigation is insufficient to overcome Picon's serious misconduct.

## III. CONCLUSION

Accordingly, Jean M. Picon is hereby suspended from the practice of law for one year. The suspension shall be effective, nunc pro tunc, July 30, 2016, the date on which Picon's suspension, imposed in this Court's order of June 30, 2016, became effective. Because Picon is currently suspended, it is not necessary to provide her with thirty days to close out her practice to protect the interests of existing clients. Picon shall fully comply with Rule Regulating the Florida Bar 3-5.1(h). Further, Picon shall accept no new business from the date this opinion is filed until she is reinstated by order of this Court.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Jean M. Picon in the amount of $6,699.01, for which sum let execution issue.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS SUSPENSION.

Original Proceeding – The Florida Bar

John F. Harkness, Executive Director, The Florida Bar, Tallahassee, Florida; Adria E. Quintela, Staff Counsel, The Florida Bar, Sunrise, Florida; and Patricia Ann Toro Savitz, Bar Counsel, The Florida Bar, Orlando, Florida,

for Complainant

Jean M. Picon, pro se, Melbourne, Florida,

    for Respondent