# Supreme Court of Florida

_____

No. SC20-128
_____

**THE FLORIDA BAR,**
Complainant,

vs.

**DEREK VASHON JAMES,**
Respondent.

November 18, 2021

PER CURIAM.

We have for review a referee's report recommending that Respondent, Derek Vashon James, be found guilty of professional misconduct in violation of the Rules Regulating the Florida Bar (Bar Rules), and that he be suspended from the practice of law for thirty days as a sanction for his misconduct. The Florida Bar (Bar) filed a notice of intent to seek review of the referee's report, challenging the referee's recommendation that James be found not guilty of violating Bar Rule 4-8.4(d), as well as the referee's recommended sanction. We have jurisdiction. *See* art. V, § 15, Fla. Const. For

the reasons discussed below, we approve the referee's findings of fact and recommendations as to guilt, except for the recommendation that James be found not guilty of violating Bar Rule 4-8.4(d), which we disapprove, and find James guilty of violating the rule. We also disapprove the referee's recommended discipline, and instead, we suspend James from the practice of law for ninety-one days.

## BACKGROUND

On January 28, 2020, the Bar filed a complaint against James, alleging that he engaged in misconduct by coaching a witness during a deposition in a contested worker's compensation matter and making misrepresentations regarding his misconduct. The Bar's complaint was referred to a referee, who held a hearing on both guilt and discipline and submitted a report with the following findings and recommendations.

James represented the employer in a worker's compensation case. On July 31, 2018, Renee Gray, the adjuster who worked for the employer, was deposed via telephone. Gray, James, and the claimant's counsel, Toni Villaverde, attended the deposition via telephone, from different locations. Because the deposition was not

conducted by video, the court reporter refused to swear Gray in as a witness, making her testimony unsworn.  While the deposition was in progress and Villaverde was questioning Gray, James sent text messages to Gray regarding her testimony.  The texts included coaching and specific directions on how to respond to Villaverde's questions.

The following messages were exchanged between Gray and James during Villaverde's questioning of Gray:

10:19 a.m. (James): You don't

10:20 a.m. (James): As to settlement checks expiration

10:20 a.m. (James): You remember the deposition but not discussing checks

10:20 a.m. (James): yes

10:21 a.m. (James): Just review notes from 02/20/2018 forward

10:23 a.m. (James): Be careful just say

10:23 a.m. (James): You may not see today

10:25 a.m. (James): Take a break in 15 minutes?

10:25 a.m. (Gray): Up to you.

Villaverde could hear typing sounds and asked Gray and James if they were engaging in texting during the deposition.

James denied texting Gray and stated he was only receiving a text from his daughter. Villaverde asked James to stop texting and put his phone away, and James agreed. James misrepresented to Villaverde that he had concluded the text messaging when in fact he had not. After a break, and after Villaverde resumed questioning Gray, James inadvertently sent the following text messages intended for Gray to Villaverde:

> 11:53 a.m. (James): Just say it anyway
>
> 11:53 a.m. (James): Just say 03/28
>
> 11:54 a.m. (James): In addition to the 03/28/2018 email containing the signed release I show . . .
>
> 11:55 a.m. (James): Don't give an absolute answer
>
> 11:55 a.m. (James): All I can see at this time but I cannot rule out existence
>
> 11:55 a.m. (James): It's a trap
>
> 11:56 a.m. (James): Then say that is my best answer at this time.

Once Villaverde noticed the texts, she stopped the deposition. She later filed a motion for production and in-camera inspection of all the texts sent during the deposition. After the Judge of Compensation Claims granted the motion, James produced two

pages of text messages but never produced any texts involving his daughter, despite being ordered to do so by the judge, and despite his assurances to Villaverde during the deposition that the typing sounds she heard involved a text received from his daughter. The judge found that the text messages were sent during the deposition, not during a break in the questioning, and that they were not protected by attorney-client privilege, contrary to James's claims. The parties conducted a second deposition of the witness on February 19, 2019.

During the disciplinary proceedings, James testified that he was unable to retrieve the texts from his daughter due to his own technological limitations. He explained that worker's compensation proceedings are informal, and he felt compelled to aid his witness during the deposition because Villaverde was constantly talking over Gray's answers or interrupting with speaking objections, and he felt Gray was being mistreated. The referee found that James's texts to Gray while she was being questioned, telling her what to say, how to answer, to avoid providing certain information, to remember a deposition but not discuss certain checks, and to not give an absolute answer were dishonest.

Furthermore, the record shows that after the deposition ended, and in the days following the deposition, James tried to convince Villaverde that he sent the texts to Gray during the break, not during the questioning. During a hearing on Villaverde's motion for production and in-camera inspection, James failed to be transparent and forthright with the judge regarding his texts to Gray. He made it appear that he only texted his wife and daughter during the deposition and that he sent the text messages to Gray during the break in the deposition.

The referee recommends that James be found guilty of violating Bar Rules: 3-4.3 (Misconduct and Minor Misconduct) and 4-3.4(a) ("A lawyer must not . . . unlawfully obstruct another party's access to evidence or otherwise unlawfully alter, destroy, or conceal a document . . . ."). However, the referee recommends that James be found not guilty of violating rule 4-8.4(d) ("A lawyer shall not . . . engage in conduct in connection with the practice of law that is prejudicial to the administration of justice . . . .") as well as others. The referee found the following aggravating factors were present: (1) dishonest or selfish motive; (2) refusal to acknowledge the wrongful nature of the conduct; and (3) substantial experience in

the practice of law. In mitigation, the referee found (1) absence of a prior disciplinary record; (2) full and free disclosure to the Bar or cooperative attitude toward the proceedings; and (3) good character or reputation.

The referee recommends that James be suspended from the practice of law for thirty days and that he be assessed the Bar's costs. The Bar seeks review of the referee's recommendation that James be found not guilty of violating Bar Rule 4-8.4(d), as well as the recommended sanction.

## ANALYSIS

### A. The Referee's Recommendation as to Guilt.

To begin, the referee's findings of fact are neither in dispute nor lacking in evidentiary support. We therefore approve them without further comment. The Bar challenges the referee's recommendation of no guilt as to Bar Rule 4-8.4(d), contending that the referee's own findings, as well as the record, support a contrary conclusion. The Court must consider whether the referee's recommendation that James be found not guilty of violating Bar Rule 4-8.4(d) is supported. This Court has repeatedly stated that the referee's factual findings must be sufficient under the applicable

rules to support the recommendations regarding guilt. *See Fla. Bar v. Shoureas*, 913 So. 2d 554, 557-58 (Fla. 2005); *Fla. Bar v. Spear*, 887 So. 2d 1242, 1245 (Fla. 2004). The party challenging the referee's finding of fact and recommendations as to guilt has the burden to demonstrate "that there is no evidence in the record to support those findings or that the record evidence clearly contradicts the conclusions." *Fla. Bar v. Germain*, 957 So. 2d 613, 620 (Fla. 2007).

Bar Rule 4-8.4(d) states, "A lawyer shall not . . . engage in conduct in connection with the practice of law that is prejudicial to the administration of justice . . . ." R. Regulating Fla. Bar 4-8.4(d). This Court has determined that dishonesty in connection with the practice of law is prejudicial to the administration of justice. *See Fla. Bar v. Feinberg*, 760 So. 2d 933, 938 (Fla. 2000). Here, the referee specifically found that James's response that he was just responding to his daughter when in fact texts were being sent to Gray was misleading and a matter contrary to honesty. He also found that James misrepresented to Villaverde that he had concluded the text messaging when in fact he had not. The referee further found that James's texts to Gray while she was being

- 8 -

questioned, telling her what to say, how to answer, to avoid providing certain information, to remember a deposition but not discuss certain checks, and to not give an absolute answer were dishonest. James's dishonesty is clear from the record, and we find him guilty of violating Bar Rule 4-8.4(d).

## B. Discipline

We now turn to the referee's recommended discipline, a thirty-day suspension. In reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is this Court's responsibility to order the appropriate sanction. *See Fla. Bar v. Picon*, 205 So. 3d 759, 765 (Fla. 2016); *Fla. Bar v. Anderson*, 538 So. 2d 852, 854 (Fla. 1989); *see also* art. V, § 15, Fla. Const. At the same time, this Court will not second-guess the referee's recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. *See Picon*, 205 So. 3d at 765; *Fla. Bar v. Temmer*, 753 So. 2d 555, 558 (Fla. 1999).

The referee recommended a thirty-day suspension, finding that James's conduct was not as egregious as in other cases

because he assisted Gray with dates that were already given. We agree with the referee that a suspension is the appropriate sanction in this case. *See* Fla. Stds. Imposing Law. Sancs. 7.1(b) ("Suspension is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). James engaged in conduct aimed at defeating the opposing party's lawful attempts to obtain evidence, undermining the adversarial process, and as a result, the trial court's intervention was required. He then made misrepresentations to cover up his misconduct. However, we disagree with the referee's conclusion that James's conduct was not sufficiently egregious to warrant a more severe sanction.

In *Florida Bar v. Nicnick*, 963 So. 2d 219 (Fla. 2007), a lawyer with a prior ten-day suspension for misconduct concealed a child support settlement agreement from an opposing counsel before presenting it to opposing counsel's client. Nicnick continued to conceal the document from opposing counsel after it was returned to him, purportedly executed by opposing counsel's client. *Id.* at 221. Nicnick alleged that he felt compelled to investigate the

authenticity of the document before turning it over to opposing counsel and believed opposing counsel was aware of the settlement agreement. *Id.* at 223. We found that Nicnick's failure to share the settlement agreement with opposing counsel was deceptive and suspended him for ninety-one days. *Id.* at 225.

Here, as in *Nicnick,* James was deceptive when he secretly sent the messages to Gray and then denied doing so when Villaverde questioned them about the texts. He continued his deception after the deposition, claiming he sent the texts during a break in the deposition. While James does not have a disciplinary history like Nicnick did, we find James's behavior is even more egregious.

James obstructed opposing counsel's access to evidence when he secretly coached Gray while she was being questioned, telling her how to answer Villaverde's questions and directing her to avoid providing certain information. This conduct continued even after he assured Villaverde that he would stop texting during the deposition. Thereafter, he repeatedly misrepresented to Villaverde that he did not send text messages to Gray during the deposition. Particularly egregious was his failure to be forthright with the Judge of Compensation Claims about sending the text messages to Gray

and about when he sent them.  We find that James's behavior warrants a ninety-one-day suspension.

## CONCLUSION

Therefore, we disapprove the referee's recommended sanction and instead suspend James from the practice of law for ninety-one days.  The suspension will be effective thirty days from the filing of this opinion so that James can close out his practice and protect the interests of existing clients.  If James notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately.  James shall fully comply with Rule Regulating the Florida Bar 3-5.1(h).  James shall also fully comply with Rule Regulating the Florida Bar 3-6.1, if applicable.  In addition, James shall accept no new business from the date this order is filed until he is reinstated.  James is further directed to comply with all other terms and conditions of the report.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Derek Vashon James in the amount of $2,851.80, for which sum let execution issue.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, MUÑIZ, and
COURIEL, JJ., concur.
LAWSON, J., concurs in part and dissents in part with an opinion,
in which GROSSHANS, J., concurs.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER
THE EFFECTIVE DATE OF THIS SUSPENSION.

LAWSON, J., concurring in part and dissenting in part.

I agree with the majority's conclusion that the referee's own

findings, as well as the record, support a determination that

James's conduct violated Rule Regulating the Florida Bar 4-8.4(d)

("A lawyer shall not: . . . engage in conduct in connection with the

practice of law that is prejudicial to the administration of justice . . .

."), majority op. at 7-9, and concur in that part of the majority

opinion.  However, in light of the referee's mitigation findings and

ability to personally assess both James's demeanor as well as the

credibility of his character evidence, I would follow the referee's

recommendation to the extent of imposing a nonrehabilitative

suspension.

We have previously stated that "the Court will generally not

second-guess the referee's recommended discipline, as long as it

has a reasonable basis in existing case law and the Florida

- 13 -

Standards for Imposing Lawyer Sanctions." *Fla. Bar v. Picon*, 205 So. 3d 759, 765 (Fla. 2016) (citing *Fla. Bar v. Temmer*, 753 So. 2d 555, 558 (Fla. 1999)). Although I recognize the very serious nature of James's misconduct, I would not second-guess the referee's recommendation to impose a nonrehabilitative suspension here. The referee found that James demonstrated cooperation by voluntarily producing text messages between himself and the witness beyond that which was required by the order of the Judge of Compensation Claims. The referee further noted that James's character witnesses, two attorneys with many years of experience practicing in the same field as James, testified to his well-established reputation for being honest and fair within the worker's compensation community. This character testimony suggests that James's misconduct here is an isolated incident.

When reviewing James's conduct, the referee considered case law where the Court imposed a ninety-one-day rehabilitative suspension and noted that the conduct in those cases was more egregious than James's conduct. One such case was *Florida Bar v. Berthiaume*, 78 So. 3d 503 (Fla. 2011). There, this Court held that an attorney's abuse of the subpoena power to conduct a personal

- 14 -

investigation demonstrated the utmost disrespect for the courts and warranted a ninety-one-day rehabilitative suspension. *Id.* at 510-11. Another case cited by the referee was *Florida Bar v. Nicnick*, 963 So. 2d 219 (Fla. 2007), which I, unlike the majority, *see* majority op. at 11, agree supports the imposition of a nonrehabilitative suspension. The attorney in *Nicnick* not only failed to disclose a settlement agreement to opposing counsel but also had a prior ten-day suspension. 963 So. 2d at 222.

In contrast to the facts in *Berthiaume* and *Nicnick* that supported imposing a rehabilitative suspension, in James's case, the referee found that James's cooperation, full and free disclosure, lack of a prior record, and character testimony from two witnesses were mitigating factors sufficient to justify a nonrehabilitative sanction. The referee's recommendation was largely based on credibility determinations and an assessment of James's demeanor that the referee was in the best position to make, and the referee's recommendation is consistent with our precedent.

Accordingly, I respectfully dissent from that portion of the opinion that imposes a ninety-one-day rehabilitative suspension.

GROSSHANS, J., concurs.

Original Proceeding – The Florida Bar

Joshua E. Doyle, Executive Director, Patricia Ann Toro Savitz, Staff Counsel, The Florida Bar, Tallahassee, Florida, and Daniel James Quinn, Bar Counsel, The Florida Bar, Orlando, Florida; and M. Hope Keating and Barry Richard of Greenberg Traurig, P.A., Tallahassee, Florida,

     for Complainant

Barry Rigby of Law Offices of Barry Rigby, P.A., Winter Park, Florida,

     for Respondent